**Randal J. FLOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–95–00071–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 11, 1995.

Decided Jan. 5, 1996.

Rehearing Overruled Feb. 13, 1996.

Roy L. Merrill, Jr., Attorney at Law, Dallas, for appellant.

Sue Korioth, Pamela Sullivan Berdanier, Assistant District Attorneys, Dallas, for the State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

This is a case involving fraud in the sale of securities in which the appellant, Randal Floyd, was charged with having violated TEX. REV.CIV.STAT.ANN. art. 581–29.[1]

The indictment alleges that Floyd, on or about December 26, 1989, engaged in fraud in the sale of a security by failing to disclose

---

1. Act of May 22, 1989, 71st Leg., ch. 733, § 9, 1989 Tex.Gen.Laws 3292, *amended by* Act of May 23, 1991, 72nd Leg., ch. 565, § 9, 1991 Tex.Gen. Laws 2005, *amended by* Act of May 15, 1995, 74th Leg., ch. 228, § 16, 1995 Tex.Gen.Laws 1996.

to the buyer that liens for unpaid debts associated with and related to prior oil and gas exploration on the oil and gas lease which was the subject of the partnership interest offered for sale, and the site of a proposed new well, were then on file in the public records of St. Martin Parish, Louisiana. In four other counts, the indictment alleged additional acts of fraud by failing to tell the buyer that funds previously invested by others in the venture had not been used for the purpose expected by the buyers and that Floyd did not intend to drill the new well for which the buyer had bought an interest.

Floyd entered a nolo contendere plea before the court. Finding the evidence sufficient for a finding of guilt, the court then deferred a finding of guilt and placed Floyd on probation for ten years and assessed a fine of $800. This complied with the term of the plea bargain, except that the plea bargain agreed upon a $300 fine, not $800 as assessed by the trial court.

In seven points of error, Floyd contends that the evidence was insufficient to support the judgment and order of probation; that prosecution was barred by the statute of limitations; that his plea of nolo contendere and the court's judgment and order of probation should be set aside because the trial court did not follow the plea bargain; that there was no evidence to support the court's directive in its order of probation that Floyd pay an undetermined amount of restitution; that his plea of nolo contendere was involuntary with no understanding of the consequences of the plea; that the court should have withdrawn his nolo contendere plea *sua sponte;* and that the court erred in overruling his motion for new trial in which he contended that he wanted to plead not guilty and to have a jury trial.

■ We first consider Floyd's contention that the evidence is insufficient to support the judgment. We deem this to be a challenge to both the legal and factual sufficiency. In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443

U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex. Crim.App.1991). In reviewing the factual sufficiency of the evidence, we look at all of the evidence and determine whether the conviction is against the great weight of the evidence. *Adelman v. State,* 828 S.W.2d 418 (Tex.Crim.App.1992); *see Bigby v. State,* 892 S.W.2d 864 (Tex.Crim.App.1994).

Before entering his plea, Floyd stated that he wished to plead nolo contendere under the terms of a plea bargain with the prosecutor; that he was entering the plea freely and voluntarily and understood that the court could find him guilty on the basis of his plea; that he did not want a jury trial; that he is a United States citizen; that he had never been to a mental hospital or been seen by a psychiatrist; that he was competent; that he had signed a judicial confession freely and voluntarily; and that he understood that, because he had signed the confession, the State would not have to bring any witnesses to prove the indictment.

The court admonished Floyd as to his plea, including the range of punishment. The court also announced that he understood the terms of the plea bargain to be a ten-year probated sentence and a fine of $300, plus restitution to the victim. The matter of whether the probation was to be in the form of deferred adjudication or regular probation was left to the discretion of the court, and the timing and amount of the restitution was left to be determined later.

The State offered into evidence, without objection, a document the prosecutor described as "defendant's signed stipulation of evidence and factual summary, as contained in the court's file." The document was purportedly admitted into evidence as "State's Exhibit A." Although no document so styled appears in the statement of facts or transcript, the transcript does include a copy of a document, signed by Floyd and styled "Judicial Confession" in which Floyd admits that he knowingly and intentionally committed the offense as set out in the indictment, including the following: "I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case." At-

tached to the judicial confession was a copy of the bill of indictment setting forth the facts and elements of the offense. This document was signed by Floyd, signed and approved by his attorney, sworn to before a deputy clerk of the court, and signed and approved by the court. The transcript also contains a document styled "Waiver of Jury, Felony Plea of Guilty/Nolo Contendere/Indictment/Information." The waiver of the jury portion of the document is signed by Floyd, his attorney, the assistant district attorney, and the trial judge. In a section of the document styled "Defendant's Waiver and Judicial Confession," Floyd entered a plea of nolo contendere to the charge as contained in the indictment in a statement signed by Floyd, his counsel, the assistant district attorney, and the trial judge.

The transcript further contains a document, signed by the trial judge and acknowledged by Floyd and his counsel, styled "Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment." This document sets out the terms of the admonishment as required by TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989 & Supp.1996). The document also includes a statement that the court would follow the plea bargain agreement in this case, and if for some reason it could or would not, the court would allow Floyd to withdraw his plea.

The State offered only Exhibit A, described above as the indictment in this cause. Floyd correctly argues that the "Signed Stipulation of Evidence" was never marked by the court reporter and that the record does not contain a document so styled. He further argues that the document styled "Judicial Confession" was never marked by the court reporter or formally admitted into evidence; that the State's offer of evidence did not refer to a "judicial confession" but rather to a "signed stipulation of evidence"; that nowhere in the statement of facts or transcript is there a stipulation of what a witness would have testified to if called; and that the evidence would not support a guilty (no contest) plea because the court did not admit a "signed stipulation of evidence."

Floyd further argues that because no document that could be used as evidence was marked by the court reporter, the evidence would not support the plea made by him at trial. He relies on *Pitts v. State*, 896 S.W.2d 802 (Tex.App.—Dallas 1994, pet. granted). In that case, the court admitted what was designated a "signed written judicial confession," but no judicial confession appears in the record. The appellate court examined the record for any other evidence that would support the conviction. There was no oral or written stipulation of evidence in the record, and the appellant did not testify under oath. The trial court did not ask appellant if he was pleading guilty because he was guilty. Appellant did not testify that he read the charging instrument, nor was he asked if that instrument or its allegations were true and correct. In *Pitts*, the court concluded that the record contained no evidence of appellant's guilt.

■ Floyd's reliance on *Pitts* is misplaced because the court in *Pitts* held that supporting evidence can consist of a judicial confession alone, or of oral or written stipulations of evidence not containing the defendant's confession. *Id.* at 804. In the present case, Floyd's sworn testimony that he is guilty as charged in the indictment, without elaboration, is enough to support a conviction, as is an accused's affirmation of a charging instrument as true and correct.

Although there is no indication in the record that the signed and acknowledged "judicial confession" was entered into evidence, it is clear that the trial judge had the judicial confession before him at trial and that he was aware of its contents. The trial judge specifically asked Floyd whether he had signed a judicial confession. Floyd answered that he had.

The judicial confession found in the transcript contains a printed and partially handwritten statement by Floyd:

[H]aving been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

On the 26th day of December, 1989, in Dallas County, Texas, I did knowingly and

intentionally commit the offense as set out in [the indictment] attached hereto.

This statement was sworn to before a deputy district clerk of a district court of Dallas County and is tantamount to a statement by Floyd that all allegations in the indictment were true and correct and that he was guilty of the offense charged. *See Dinnery v. State,* 592 S.W.2d 343, 352 (Tex.Crim.App. [Panel Op.] 1979). This statement constituted a judicial confession which, standing alone, was sufficient to sustain the conviction on the nolo contendere plea. *See id.; see also Jones v. State,* 857 S.W.2d 108, 110 (Tex.App.—Corpus Christi 1993, no pet.).

■ Moreover, Floyd was interrogated by his own counsel under oath. He testified that he understood that he was pleading nolo contendere to the indictment, that he understood what was going on, and that he understood that the judge could find him guilty on the basis of his plea. This, again, constituted a judicial admission that the indictment was "true and correct." *Id.* The documents labelled "Judicial Confession" and "Waiver of Jury ..." both contain language constituting a judicial confession, and both were filed in the papers of the case in the court. These documents, in effect, amount to a stipulation. These documents, even though not formally admitted into evidence, supported the nolo contendere plea. *See Ex parte Reagan,* 549 S.W.2d 204 (Tex.Crim.App.1977); *see also Rexford v. State,* 818 S.W.2d 494, 495–96 (Tex.App.—Houston [1st Dist.] ), *pet. ref'd per curiam,* 823 S.W.2d 296 (Tex.Crim.App. 1991), and cases there cited.

We conclude that there was sufficient evidence to support the judgment. This point of error is overruled.

■ We now consider Floyd's claim that the State's evidence shows that prosecution for the alleged offense was barred by limitations. He notes that the offense allegedly occurred on December 26, 1989, and that the indictment was not presented until August 5, 1994, some four years and seven months later. He contends that, under Article 12.01 of the Texas Code of Criminal Procedure,[2] as amended, the indictment had to be presented within three years from the date of the offense, citing *Cooper v. State,* 527 S.W.2d 563 (Tex.Crim.App.1975); *Gallardo v. State,* 768 S.W.2d 875 (Tex.App.—San Antonio 1989, pet. ref'd); and *Beaird v. State,* 734 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1987), *aff'd per curiam,* 772 S.W.2d 116 (Tex.Crim.App. 1989). These authorities are inapposite. Both *Gallardo* and *Beaird* are rape cases subject to a three-year period of limitations as set forth in Article 12.01 of the Code of Criminal Procedure. *Cooper* is a 1975 securities case. When *Cooper* was decided, limitations for Securities Act violations were as set out in Article 12.01. That article, however, has not been applicable to Securities Act violations since 1983.

The offense in this case is a violation of Article 581–29(C) of the Texas Securities Act. Before September 1, 1983, the limitations period for offenses under that Act was three years, as provided in a general provision of Article 12.01 of the Code of Criminal Procedure. The Texas Legislature, however, enacted TEX.REV.CIV.STAT.ANN. art. 581–29–1 (Vernon Supp.1996), effective September 1, 1983, which provides a specific five-year limitations period for violations of Article 581–29(C).

The offense in this case allegedly occurred on December 26, 1989, and the indictment was presented on August 5, 1994. The limitations period did not expire until December 26, 1994. Accordingly, the statute of limitations had not run at the time the indictment was presented, and prosecution of the instant offense was therefore not barred by limitations. This point of error is overruled.

Next, Floyd contends that his plea of nolo contendere and the court's judgment and order of probation (deferred adjudication) should be set aside because the plea bargain agreement was not followed by the State and the court. The agreement called for a plea of nolo contendere in exchange for probation for ten years, optional with the court as to whether it would be deferred adjudication or

---

**2.** Act of May 30, 1987, 70th Leg., ch. 716, § 1, 1987 Tex.Gen.Laws 2591, *amended by* Act of May 23, 1991, 72nd Leg., ch. 565, § 6, 1991 Tex.Gen. Laws 2004, *amended by* Act of May 24, 1995, 74th Leg., ch. 476, § 1, 1995 Tex.Gen.Laws 3195.

regular probation, and a fine of $300. There was no requirement in the written agreement that Floyd pay restitution. That requirement was expressed in a colloquy between counsel and the court during the trial of this charge, however. The printed agreement contains a statement above the signature of Floyd, his attorney, the prosecutor, and the trial judge that the printed agreement contains all of the terms of the agreement.

The trial court found that there was sufficient evidence to support a finding of guilt. The court entered an order in which it deferred the finding, placed Floyd on deferred adjudication probation for ten years and fined him $800. No objection was made at trial to the error in the amount of the fine.

■ The fine of $800 assessed by the court was not in accordance with the written plea bargain agreement amount of $300. Floyd argues that the trial court was therefore required by Tex.Code Crim.Proc.Ann. art. 26.13(a)(2) (Vernon 1989) to inform him whether it would accept the plea agreement before making a finding on the plea, i.e., whether it would follow the agreement, and that should the court reject the agreement, the court was required to permit Floyd to withdraw his plea of nolo contendere. Article 26.13 does so provide. Moreover, the court's written admonition contains a statement to the effect that the court would follow the plea bargain, or if it could not, the court would so inform Floyd and permit him to withdraw his plea. The trial court had discretion whether to accept or reject a plea bargain, but having accepted it in this case, the court had a ministerial, mandatory, and nondiscretionary duty to enforce the agreement. *Otero v. State,* 768 S.W.2d 848, 851 (Tex.App.—Corpus Christi 1989, no pet.).

Floyd asks this court to allow him to withdraw his plea of nolo contendere. The State contends that we should, instead, reform the judgment to reflect a fine of $300 as agreed upon in the plea bargain, citing *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.—Dallas 1991, pet. ref'd), and Tex.R.App.P. 80(b). In *Asberry,* the court held that an appellate court has the power to correct and reform a judgment of the trial court to make the record speak the truth. Where a judgment and

sentence improperly reflect the findings of the court, the proper remedy is the reformation of the judgment. That court also held that appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Id.* Here, the plea bargain agreement was evidence in the record reflecting the fine the trial court agreed to assess, and the amount of $300 is not disputed on appeal. Having erroneously assessed a fine of $800, the trial court could have corrected its error with a judgment nunc pro tunc.

■ The reform of a judgment by a court of appeals is specifically provided for in Tex. R.App.P. 80(b). *See also French v. State,* 830 S.W.2d 607, 609 (Tex.Crim.App.1992) (agreeing with the holding in *Asberry* and adopting its reasoning). There is no indication in the record that the trial court did not intend to follow the plea bargain with regard to the amount of the fine assessed. The court did sign a document which included a statement that the court would follow the plea bargain. The proper remedy, therefore, is to reform the judgment to reflect a fine of $300, in accordance with the agreement. *See* Tex. R.App.P. 80(b); *French,* 830 S.W.2d 607; *Asberry,* 813 S.W.2d 526. This would constitute specific performance of the agreement, which is an appropriate relief for failure to keep a plea bargain. *See Ex parte Austin,* 746 S.W.2d 226, 227 (Tex.Crim.App.1988) (appropriate relief for failure to keep a plea bargain is either specific performance of the agreement or withdrawal of the plea, depending on the circumstances).

We decline Floyd's request to set aside the judgment, but we reform the judgment so as to reflect a fine of $300, as set forth in the plea bargain agreement.

Next, Floyd contends there is no evidence to support the trial court's order that he pay an undetermined amount of restitution. The plea bargain agreement contains a provision as follows: "__ Restitution of $____ to be paid by defendant." No check mark was made to indicate that restitution was a provi-

sion of the agreement, nor was an amount placed in the space provided.

From a colloquy between counsel and the court, it appears that the parties contemplated that restitution would be a part of the conditions of probation. *See* TEX.CODE CRIM. PROC.ANN. art. 42.12, § 11(a) (Vernon Supp. 1996) (for section permitting restitution to be a term of probation). Whether restitution will be required and the amount are within the discretion of the trial court. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(a)(8); *see Martin v. State*, 874 S.W.2d 674 (Tex.Crim. App.1994); *Cartwright v. State*, 605 S.W.2d 287 (Tex.Crim.App. [Panel Op.] 1980).

The court indicated that the prosecutor and defense counsel should confer with each other and make recommendations for the amount of restitution. No evidence was submitted as to an amount. The trial court indicated that he expected to have a restitution hearing within two to three weeks of the hearing on August 15, 1994. There is nothing in the record to indicate that such a hearing was held.

Floyd requests that this court delete the portion of the trial court's probation order requiring restitution. Presumably, the order to which Floyd refers, and from which he appeals, is the "Deferred Adjudication Order" contained in the transcript of this cause. That order includes an entry by which the court may express its intention with regard to the payment of restitution. In this case, the entry is "Restitution/Reparation: No." While this comports with the plea bargain agreement form, which omits any reference to the requirement for restitution to be paid, it does not comport with the colloquy between the court, the defendant, and the prosecutor during the August 15, 1994 hearing. There is no evidence in the record to show that restitution was required by the court in this case. We therefore find that restitution has not been ordered.

This point of error is overruled.

■ Next, Floyd contends that his plea of nolo contendere was not entered voluntarily and knowingly with an intelligent understanding of the consequences. He argues that the judicial confession he signed is total-ly inconsistent with any meaningful plea of nolo contendere. We disagree. A nolo contendere plea has the same legal effect as a plea of guilty, except that it may not be used against the defendant as an admission in any civil suit based on or growing out of the act upon which the criminal prosecution is based. TEX.CODE CRIM.PROC.ANN. art. 27.02(5) (Vernon 1989). A plea of nolo contendere, as well as a plea of guilty, is totally consistent with a judicial confession.

Floyd was asked under oath by his own counsel at trial whether he understood that he was pleading nolo contendere to the charge against him and whether he understood what was going on. He answered that he did and that he was aware that the court could find him guilty solely on the basis of his plea. He informed the court that he was pleading nolo contendere because that was what he wanted to plead, and for no other reason. He was informed that he had an absolute right to a jury trial, and he waived that right. He also stated to the court that he had signed a judicial confession freely and voluntarily.

■ In his motion for new trial, Floyd claimed that he was not guilty of the offense charged because he lacked the requisite intent and that he wished to plead not guilty and have a jury trial. This claim apparently stems from his concern as to the effect his plea may have on some anticipated civil lawsuits against him and on his claim that his counsel provided ineffective assistance by permitting him to enter the plea and sign the confession. Floyd testified, in fact, that he was satisfied with his counsel's representation. Based on the totality of his counsel's representation, as above summarized, Floyd has not shown that his counsel was not reasonably effective during the course of the trial.

■ Article 26.13(b) of the Code of Criminal Procedure provides that a plea of nolo contendere may not be accepted unless it appears that the defendant is mentally competent and the plea is free and voluntary. In this case, the court properly admonished Floyd orally and in writing in accordance with Article 26.13 and of the consequences of

his nolo contendere plea. The court also found Floyd competent. The burden then shifted to Floyd to show that the plea was not free and voluntary and that he did not understand the consequences of the plea. *See Tovar–Torres v. State*, 860 S.W.2d 176, 178 (Tex.App.—Dallas 1993, no pet.). Floyd assured the court, both orally and in writing, that he understood the charges against him, that he was competent to enter the plea, and that the plea was free and voluntary. He has not met his burden to show otherwise.

This point of error is overruled.

■ Next, Floyd contends that the trial court erred in failing to withdraw his nolo contendere plea *sua sponte* because his plea was inconsistent with his signing the judicial confession. He further argues that his testimony at trial regarding a civil lawsuit in which he was the plaintiff against the complainant in the present case should have caused the judge to withdraw his nolo contendere plea *sua sponte*, because his testimony was totally contradictory to his judicial confession and demonstrated that he had a lack of intent to commit the crime with which he was charged. As already noted above, a plea of nolo contendere has the same legal effect as a plea of guilty, and such a plea is entirely appropriate where a judicial confession has been signed. Floyd did not raise this issue at trial or in his motion for new trial, and he may not now argue the issue on appeal.

■ Floyd relies on the case of *Montalvo v. State*, 572 S.W.2d 714 (Tex.Crim.App. [Panel Op.] 1978). That case was tried to a jury, and after entering a plea of guilty, the defendant on cross-examination made several statements in direct contradiction to his admission of guilt. The court held that the court should have withdrawn defendant's plea of guilty, *sua sponte*. The rule is different in a nonjury situation, however, such as the instant case, where the defendant pleads nolo contendere or not guilty to the court. *Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim.App.1978). In the *Moon* case, the court held that there was no valid reason for the court to withdraw the plea of guilty and enter a plea of not guilty for the defendant when the defendant entered a plea of guilty

before the court after waiving a jury. The court reasoned that it was the duty of the trial court to consider the evidence submitted, and as the trier of the facts the court may find the appellant guilty of a lesser offense and assess the appropriate punishment, or it may find the defendant not guilty. *Id.* It would serve no purpose, said that court, to withdraw the plea of guilty and enter a plea of not guilty. *Id.* The court overruled those cases to the contrary. *Id.*

In his final point of error, Floyd contends that the trial court erred in overruling his motion for new trial on the ground that he is not guilty and desires to plead not guilty and to have a jury trial.

Floyd complains in particular of the following matters raised in his amended motion for new trial: that his plea was involuntary; that his waiver of jury trial was involuntary and was not made knowingly and intelligently; that he is not guilty of the offense alleged in the indictment; that he wants to plead not guilty and to have a jury trial; and that he did not understand the consequences of the plea he entered. These issues have already been considered under discussions of the other points of error, and for reasons set forth in those discussion, the contentions lack merit.

■ Floyd also contended in the amended motion for new trial that new evidence favorable to him had been discovered since trial. This purported new evidence contained in the affidavit attached to the amended motion for new trial is that he would not have entered the plea of nolo contendere if he had known the effect of his plea on his pending civil lawsuits and that he did not realize that the judicial confession he signed constituted an "admission against interest" with regard to the pending civil lawsuits and could be used to impeach him in those suits. What Floyd later found out about the effect of the criminal proceeding upon his civil lawsuits has no bearing on the criminal proceeding. Furthermore, the nolo contendere plea, under Texas law, could not be used against him in a civil suit because it does not constitute an admission. TEX.R.CIV. EVID. 410(2). His contention that a with-

drawal of his plea would negate his admissions against interest made before the trial court is a different question. Nevertheless, consideration of his pending civil lawsuit is not a basis for granting him a new trial in the present case and is not new evidence.

Floyd further claims that, due to medication, he did not understand the consequences of his plea. He did not name the medication, nor did he produce it before the court. The trial judge, as fact finder, was free to believe or disbelieve all or any part of this affidavit submitted by Floyd, who has not demonstrated that the trial judge abused his discretion in ruling against him. This speculation by Floyd that he was in some unexplained way adversely affected by an unnamed medication in some undescribed manner does not support a finding that the trial court erred in overruling the motion for new trial.

This point of error is overruled.

We reform the judgment by deleting the assessed fine of $800 and inserting a fine of $300. As reformed, the judgment is affirmed.