NUMBER 13-99-116-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


HERSHEL B. ZINN, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 This is an appeal from a conviction, following a plea bargain, of
the charge of bribery. Tex. Penal Code Ann. §36.02 (Vernon 1994). 

 On December 13, 1995, Herschel B. Zinn, appellant, and Norma
Delia Warner were jointly indicted by the Grand Jury of Cameron
County, Texas, for the offense of bribery. Specifically, they were
charged with accepting $1,458.70 from James Williams for the purpose
of securing the dismissal of a driving while intoxicated charge against
Williams. 

 Zinn entered a plea of guilty pursuant to a plea bargain agreement
on May 20, 1996. As a part of this agreement, the State agreed to
dismiss two other cases against Zinn. The State also agreed to remain
silent during the punishment hearing in this case. Furthermore, the
State agreed to dismiss all cases against Warner in exchange for Zinn's
plea. The plea bargain agreement contained the statement that Zinn
understood "that the Court is not bound to accept a plea agreement and
if the Court rejects a plea agreement, I (Zinn) may withdraw my plea of
guilty." The trial court accepted the plea, found Zinn guilty, and ordered
a pre-sentence investigation. 

 The parties appeared before the trial court for sentencing on July
12, 1996. At that time, the trial court, after reviewing the pre-sentence
investigation report and conducting a hearing, sentenced Zinn to eight
years imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. Pursuant to the plea bargain
agreement, the trial court dismissed the other two cases pending
against Zinn. The court, however, refused to dismiss the cases against
Warner. At this point, Zinn moved to withdraw his plea of guilty. The
trial court inquired whether the State agreed to permit withdrawal. 
After the State informed the trial court that it would not agree to a
withdrawal, the trial court denied Zinn's motion. The State then
announced that it was ready to try the cases against Warner and asked
that those causes be set for trial. 

 Zinn appealed the case to this Court. On June 4, 1998, this Court
reversed the trial court's judgment. See Zinn v. State, No. 13-96-345-CR, 1998 Tex. App. LEXIS 3372 (Corpus Christi, June 4, 1998, no pet.)
(not designated for publication). In an unpublished opinion, we held
that Zinn's plea was involuntary and that the trial court erred in refusing
to allow Zinn to withdraw his plea. We initially stated our holding with
the following language: "we reverse the judgment of the trial court and
remand the cause for further proceedings with instructions that Zinn be
allowed to withdraw his guilty plea and be granted a new trial." Id. at
*1. After discussing of the law regarding when a defendant may
withdraw a guilty plea as a matter of right, this Court concluded: "The
judgment of the trial court is reversed and the case remanded to the
district court with instructions that if the indictments against Warner
are not dismissed, Zinn be allowed to withdraw his guilty plea." Id. at
*7. 

 On remand, the trial court called the case on February 26, 1999. 
At that time, the trial court advised Zinn and the participating attorneys: 

 At this time, the only thing that is before the Court is for the
Court to -- The Court of Appeals has affirmed the judgment
-- I mean the sentence -- and it's just now for this court to
resentence him in accordance with what Judge Hester [the
original trial judge] had already done.

During a discussion between the attorneys for the State, Zinn, and the
court, Zinn's attorney asked the court to consider allowing Zinn to
withdraw his plea of guilty. The court took judicial notice at that time
that the cases against Warner had been dismissed and proceeded to
resentence Zinn to eight years imprisonment. At no time was Zinn
permitted to withdraw his plea. 

 By his first issue, Zinn contends that the trial court erred in
refusing to allow him to withdraw his plea of guilty. 

WITHDRAWAL OF THE PLEA

 It has become axiomatic that "when a plea rests in any significant
degree on a promise or agreement of the prosecutor, so that it can be
said to be part of the inducement or consideration, such promise must
be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495,
498, 30 L.Ed.2d 427 (1971); Bass v. State, 576 S.W.2d 400, 401 (Tex.
Crim. App. [Panel Op.] 1979). Thus, when a defendant enters a guilty
plea pursuant to a plea bargain agreement, the State is bound to carry
out its side of the plea bargain or the plea is rendered involuntary. 
Gibson v. State, 803 S.W.2d 316, 318 (Tex. Crim. App. 1991); Ex parte
Austin, 746 S.W.2d 226, 227 (Tex. Crim. App. 1988). 

 The trial court is free in every case to reject a particular plea
bargain entered into by the State and the defendant. Tex. Code Crim.
Proc. Ann. art. 26.13(a)(2) (Vernon 2000). If the court chooses to
accept the agreement, it is bound to carry out the terms of the
agreement. Griffin v. State, 703 S.W.2d 193, 195 (Tex. Crim. App.
1986). Should the court choose to reject the plea bargain agreement,
however, the defendant's plea is rendered involuntary and the
defendant is entitled to withdraw his plea of guilty. Tex. Code Crim.
Proc. Ann. art. 26.13(a)(2) (Vernon 2000). 

 Therefore, regardless of the source of the non-compliance, it is
always true that when a plea bargain agreement is reached, it must be
enforced as agreed to, or the defendant must be given an opportunity
to withdraw his plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2)
(Vernon 2000); Gibson, 803 S.W.2d at 318. The trial court's refusal to
permit withdrawal constitutes an abuse of discretion. See Tex. Code
Crim. Proc. Ann. art. 26.13(a)(2) (Vernon 2000) (when plea agreement
is not enforced, "the defendant shall be permitted to withdraw his plea
. . . .") (emphasis supplied). 

 Our original opinion in this cause focused on the circumstances
under which a defendant may withdraw his guilty plea as a matter of
right. Zinn, 1998 Tex. App. LEXIS 3372 at *3. We recited that such a
withdrawal is mandatory, upon the defendant's request, any time until
judgment has been pronounced or the case has been taken under
advisement. Id. In this discussion, we failed to account for the
recognized difference between negotiated and non-negotiated pleas. 

 Courts throughout this State have held that where the defendant
and the State have reached an agreement as to guilt and punishment,
each is entitled to have the negotiated agreement enforced or to have
an opportunity to withdraw. See e.g., Lanum v. State, 952 S.W.2d 36,
39 (Tex. App.--San Antonio 1997, no pet.); Papillion v. State, 908
S.W.2d 621, 624 (Tex. App.--Beaumont 1995, no pet.); Ortiz v. State,
885 S.W.2d 271, 273 (Tex. App.--Corpus Christi 1994), aff'd, 993
S.W.2d 102 (Tex. Crim. App. 1996); Fielder v. State, 834 S.W.2d 509,
511 (Tex. App.--Fort Worth 1992, pet. ref'd); Allen v. State, 827 S.W.2d
69, 70 (Tex. App.--Houston [1st Dist.] 1992, no pet.). This differs from
a situation in which the defendant chooses to enter a plea of guilty and
move directly into punishment without an agreement. In that
circumstance, the law we cited in our original opinion is applicable and
permits the defendant, in the interest of justice, with a temporally-limited opportunity to change his mind, and may only subsequently
withdraw his plea at the discretion of the court. See e.g., Jackson v.
State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Rivera v. State, 952
S.W.2d 34, 35 (Tex. App.--San Antonio 1997, no pet.); Thompson v.
State, 852 S.W.2d 268, 270 (Tex. App.--Dallas 1993, no pet.). Because
there was a plea bargain agreement in this case, the trial court's refusal
to enforce the terms of the agreement vested Zinn with an absolute
right to withdraw his plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2)
(Vernon 2000). 

REMEDIES ON REMAND FROM THE COURT OF APPEALS

 In that original opinion, we also concluded that the appropriate
remedy in this circumstance was specific performance. See Zinn at *6
(citing Shannon v. State, 708 S.W.2d 850, 851 (Tex. Crim. App. 1986)). 
We relied on Shannon to reach that conclusion. 

 In Shannon, the defendant entered into a plea bargain agreement
and was sentenced to two years confinement for committing a Class A
misdemeanor. The defendant, on appeal, attacked his conviction on the
basis that a two year sentence exceeded the statutory maximum
punishment for the offense for which he was convicted. The court of
appeals agreed and remanded the cause for resentencing. Shannon,
708 S.W.2d at 851. On discretionary review, the State contended that
a remand for resentencing under those circumstances was improper
and that the appropriate remedy was to place the parties in their pre-plea postures. Id. The court of criminal appeals agreed, holding that
remand for the limited purpose of resentencing would serve "to bind
only one party to the agreement." Id. In essence, the court concluded
that an attack on the plea bargain is an attack upon "the entire
judgment of conviction." Id. Despite its assertion that remand to
enforce only one portion of the agreement was "neither logical nor fair,"
the court wrote that, in some instances, specific performance of the
agreement on remand may be appropriate. Id. at 852.(1) We have
searched for any case in which any court has concluded that specific
performance was the appropriate remedy on remand. We have found
only two such cases. 

 In the first instance, the court of appeals concluded that the
departure from the plea bargain agreement was limited to the amount
of the fine assessed. See Floyd v. State, 914 S.W.2d 658, 663 (Tex.
App.--Texarkana 1996, pet. ref'd). The court acknowledged that such
an inconsistency could be corrected by a judgment nunc pro tunc. See
id. Moreover, the court acknowledged that neither the fact of the fine
nor the amount of the fine were disputed by either party. Id. The only
other such case our search discloses is Zinn. As noted throughout this
opinion, we are convinced that the trial court did not merely mistakenly
alter the terms of the agreement. The case before us presents a
distinctly different situation than Floyd, where the record demonstrated
that the court accepted the agreement and only the uncontested
ministerial act of reforming the judgment was necessary to fulfill the
terms of the agreement. See id. Here, instead, the trial court evidenced
an intention to reject the plea bargain agreement altogether. We have
reconsidered our original decision now and are convinced that specific
performance is not the appropriate remedy when the trial court wholly
rejects the plea bargain agreement. 

CONCLUSION

 We conclude that when the trial court is presented with a plea
bargain agreement, it may choose only to enforce the terms of the
agreement or to reject the agreement. If the court chooses to reject the
agreement, either in whole or in part, it must permit the defendant to
withdraw his plea. The failure of the trial court to allow Zinn to
withdraw his plea of guilty is reversible error. Our reversal of this case
is a reversal of both the judgment of conviction and the punishment
assessed. Consequently, pursuant to the reasoning enunciated in
Shannon, both parties are placed in the same position as they were
prior to Zinn entering his plea. 


 The cause is REVERSED and REMANDED for a new trial. 

 


 

 ROBERT J. SEERDEN, Chief
Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 28th day of December, 2000.

 

1. This statement of law has been incorporated by numerous courts
throughout the State. See e.g., Lopez v. State, 996 S.W.2d 893, 894
(Tex. App.--Corpus Christi 1999, no pet.); Wright v. State, 936 S.W.2d
704, 706 (Tex. App.--Dallas 1996, no pet.); Tate v. State, 921 S.W.2d
496, 497 (Tex. App.--Waco 1996, no pet.); State v. Gent, 887 S.W.2d
271, 274 (Tex. App.--Beaumont 1994, pet. ref'd).