COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

MICHAEL
CLAYTON WALTERS,                  )

                                                                             )                 No.  08-01-00419-CR

Appellant,                        )

                                                                             )                       Appeal from

v.                                                                           )

                                                                             )        
Criminal District Court No. Five

THE
STATE OF TEXAS,                                    )

                                                                             )             
of Dallas County, Texas

Appellee.                         )

                                                                             )              
(TC# F-0118841-TL)

 

O P I N I O N

 

Michael Walters appeals a ten-year
sentence, stating his plea was involuntary due to ineffective assistance of
counsel.  Appellant pleaded no contest to
a charge of deadly conduct, a third-degree felony.  Appellant made an open plea without a plea
bargain.  The trial judge sentenced
appellant to the maximum applicable term of years--with credit for time
served--and fined appellant $2,500 out of a possible $10,000 fine.  Appellant then filed a motion for new trial
claiming ineffective assistance of counsel which resulted in an involuntary
plea.  The trial court overruled the
motion and appellant timely appealed.  We
will affirm.








Background

Appellant had no prior convictions or
trouble with the law.  On the night of
May 8, 2001, he was drinking heavily, got into some type of verbal exchange at
a sports bar called the Box Car, left and returned with a friend and
firearms.  Upon returning to the Box Car,
appellant and friend sprayed the bar with thirty-five to forty rounds from
their  .22 pistol and AK 47.  One of the rounds struck the bar owner in the
head, creasing his skull, causing extensive nerve damage in the owner=s right forehead, top of his head,
and right side.  The owner had been
sitting at a table in front of a plate glass window when the deadly force was
used.








Appellant=s motion for new trial contained four
affidavits.  The affidavits were from his
mother, his fiancee, appellant, and his trial counsel.  Appellant averred his attorney, Paul Blocker,
told him several times he would receive a probated sentence, did not explain
the words Aopen plea,@ and Blocker=s contract calls for a $350 fee
indicating a plea bargain.  Blocker=s fee for an open plea was $600.  In other words, appellant would have us infer
that the lower fee charged, corroborates the allegation Blocker promised
probation or he would have charged the higher $600 for an open plea.  Appellant=s mother essentially reiterated the
same allegations in her affidavit and added both Blocker and his associate told
her several times her son would receive probation.  Appellant=s fiancee swore in her affidavit, an
unnamed associate of Blocker said appellant would receive a probated sentence
if he pleaded guilty.  In a pre-prepared
check-off affidavit, appellant=s attorney swore he visited appellant two times in jail, did
not tell appellant or his mother Walters would receive probation, had zero
conversations with witnesses or co-defendants, did read Walters=s confession, and did not visit the
scene of the shooting.

In a single issue, appellant argues
his plea was involuntary due to ineffectiveness of counsel because defense
counsel promised him he would receive probation and his counsel did not
properly investigate the case.

Standard of Review and Applicable Law








 When a defendant challenges the voluntariness
of a plea contending that his counsel was ineffective, the voluntariness of the
plea depends on (1) whether counsel=s advice was within the range of
competence demanded of attorneys in criminal cases and, if not, (2) whether
there is a reasonable probability that, but for counsel=s errors, he would not have pleaded
guilty and would have insisted upon a trial on the merits.  Ex parte Moody, 991 S.W.2d 856, 857-58
(Tex. Crim. App. 1999) (citing Ex parte Morrow, 952 S.W.2d 530, 536
(Tex. Crim. App. 1997); Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88
L.Ed.2d 203 (1985); Strickland v. Washington, 466 U.S. 668, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984); McMann v. Richardson, 397 U.S. 759, 90
S.Ct. 1441, 25 L.Ed.2d 763 (1970)).  Like
other types of ineffective assistance of counsel claims, appellant has the
burden to show that counsel=s performance fell below a reasonable standard of competence
and that appellant would have, with reasonable probability, pleaded not guilty
and insisted on a trial had he been properly advised that he could be denied
probation and received a term of years.  See
id.  When the record shows the trial
court properly admonished the defendant regarding the consequences of his plea,
the record presents a prima facie showing the defendant entered a knowing and
voluntary plea.  Ybarra v. State, 960
S.W.2d 742, 745 (Tex. App.--Dallas 1997, no pet.) (citing Harris v. State,
887 S.W.2d 482, 484 (Tex. App.‑‑Dallas 1994, no pet.)).  The burden then shifts to the defendant to
show the plea was not voluntary.  Id.  Where the evidence is conflicting, the trial
court, as fact finder, may believe part or all of any testimony.  See Floyd v. State, 914 S.W.2d 658,
666 (Tex. App.--Texarkana 1996, pet. ref=d).

Analysis

 First, we observe that appellant was duly
admonished concerning the voluntariness of his plea.  Therefore, the burden shifted to appellant to
show his plea was not voluntary.  Ybarra,
960 S.W.2d at 745.  This he first
does by his profession that he was told he would receive probation by his
counsel.  Counsel, however, specifically
denies this charge.  The trial court is
free to believe defense counsel and disregard all or parts of appellant=s proof.  Floyd, 914 S.W.2d at 666.  In denying appellant=s motion for new trial, the trial
court implicitly rejected the substance of appellant=s affidavits on this issue.  The trial court was within its discretion to
do so.  Id.  Thus, appellant has failed to meet the first
prong of his voluntariness test, that counsel=s actions were outside the required
range of competence.  Ex parte Moody,
991 S.W.2d at 857-58; Strickland, 466 U.S. at 687.








Next we turn to appellant=s second attack on his counsel=s actions, inadequate
investigation.  Appellant is entitled not
merely to the assistance of counsel, but rather to the reasonably effective
assistance of counsel.  Id.  Counsel=s own affidavit shows he spoke with
no witnesses, and did not visit the scene of the shooting.  Counsel did visit appellant in jail two
times, reviewed his confession, and apparently visited with appellant=s mother.  We will assume, without deciding, that
counsel=s actions fell below the applicable
standard of competence.  However, the
record is devoid of any evidence that the probable outcome of the proceeding
would have been different.  An appellant
must affirmatively prove prejudice with a showing that there is a reasonable
probability that, but for counsel=s substandard performance, the
outcome of the proceeding would have been different.  Castellano v. State, 49 S.W.3d 566,
573 (Tex. App.‑-Corpus Christi 2001, pet. ref=d) (citing Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). 
Our review of the record demonstrates there is no evidence of any
prospective testimony, physical evidence from the scene, third-party
involvement, or extenuating factors.[1]  Other than a bare assertion, appellant
neither argues, nor does the record lead us to conclude, there is a reasonable
probability, but for counsel deficiencies, the outcome would have changed.  See Thompson, 9 S.W.3d at
812.  And finally, the record does not
show 








appellant would have otherwise pleaded not guilty and
insisted upon a trial.  Ex parte Moody,
991 S.W.2d at 857-58.  Appellant=s sole issue is overruled.  The judgment is affirmed.

 

                                                                        


DON
WITTIG, Justice

July 11, 2002

 

Before Panel No. 5

Larsen, Chew, and Wittig, JJ.

(Wittig, J., sitting by
assignment)

 

(Do Not Publish)

 











[1]It
seems to us, appellant is most fortunate, given the shooting spree and
permanent gun shot injury to the bar owner, that his charge was limited to a
third-degree felony.