**MODIFY and AFFIRM;  and Opinion Filed June 10, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00361-CR
No. 05-12-00399-CR

**JEFFREY FITZGERALD WHITAKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-40870-V & F10-40871-V**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Fillmore

Jeffrey Fitzgerald Whitaker was charged with one offense of sexual assault and one offense of aggravated sexual assault.  The trial court found Whitaker guilty of sexual assault and assessed punishment of four years' imprisonment and a $3000 fine.  The trial court deferred a finding of guilt on the aggravated sexual assault offense, placed Whitaker on community supervision for a period of ten years, and assessed a $3000 fine.   In two issues, Whitaker asserts (1) the trial court's judgment and order of deferred adjudication should be modified to reflect he pleaded "no contest" to the charges, and (2) the evidence is insufficient to support the trial court's order that Whitaker pay $590 in court costs in each case.  We modify the trial court's judgment convicting Whitaker of sexual assault and order deferring an adjudication of guilt on the aggravated sexual assault charge to reflect that Whitaker pleaded no contest to the charges. As modified, we affirm the trial court's judgment and order of deferred adjudication.

**Court Costs**

In his second issue, Whitaker requests we modify the trial court's judgment and order of deferred adjudication to delete the requirement that he pay court costs because the clerk's record in each case does not contain a bill of costs. Following submission of this case, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing a detailed itemization of the costs and fees assessed in each case along with an explanation of any abbreviations used to define the costs and fees. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, .006 (West 2006). The Dallas County District Clerk has complied with our order by filing a signed and certified supplemental clerk's record in each case containing the itemization of the costs assessed in the case. Because the record now contains a bill of costs supporting the assessment of costs in each case, we resolve Whitaker's second issue against him. *See Franklin v. State*, No. 05-12-00530-CR, 2013 WL 2446283, at *1 (Tex. App.—Dallas, June 4, 2013, no pet. h.).

**Modification**

In his first issue, Whitaker asserts both the judgment and the order of deferred adjudication should be modified to reflect that he pleaded "no contest" to the charges. Both the judgment and the order of deferred adjudication state that Whitaker pleaded "guilty" to the charges. However, the reporter's record indicates that Whitaker actually pleaded "no contest." The State agrees the judgment convicting Whitaker of sexual assault should be modified to reflect the correct plea entered by Whitaker, but asserts the trial court's order deferring an adjudication of guilt on the aggravated sexual assault charge is not a judgment and, therefore, this Court does not have authority to modify the order.

This Court has the power to modify whatever the trial court could have corrected by a judgment *nunc pro tunc* if the evidence necessary to correct the judgment appears in the record.

*Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).[1] "The purpose of a *nunc pro tunc* judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced and the judgment reflected in the record." *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012). A trial court can issue an order *nunc pro tunc* to correct an error in an order of deferred adjudication. *See Homan v. Hughes*, 708 S.W.2d 449, 454–55 (Tex. Crim. App. 1986) (orig. proceeding) (trial court could properly enter nunc pro tunc order to correct order deferring adjudication of guilt to reflect proper offense for which defendant's guilt was deferred); *Floyd v. State*, 914 S.W.2d 658, 663 (Tex. App.—Texarkana 1996, pet. ref'd). Here, having erroneously stated in the order of deferred adjudication that Whitaker pleaded guilty, the trial court could have corrected its error with an order nunc pro tunc. *Hughes*, 708 SW.2d at 454; *Floyd*, 914 S.W.2d at 663.

We have the power to modify both the judgment convicting Whitaker of sexual assault and the order deferring an adjudication of guilt on the aggravated sexual assault charge to reflect the plea actually entered by Whitaker. *See* TEX. R. APP. P. 43.2(b); *Hughes*, 708 S.W.2d at 454; *Asberry*, 813 S.W.2d at 529.[2] Accordingly, we modify the trial court's judgment in cause number F10-40870-V and the trial court's order of deferred adjudication in cause number F10-40871-V to reflect Whitaker pleaded "no contest" to the charges.

---

[1] *See also Wertenberger v. State*, No. 05-97-01061-CR, 1999 WL 164109, at *2 (Tex. App.—Dallas Mar. 26, 1999, pet. ref'd) (not designated for publication).

[2] *See also Lacy v. State*, No. 05-11-01306-CR, 2012 WL 5265729, at *5 (Tex. App.—Dallas, Oct. 25, 2012, pet. ref'd) (mem. op., not designated for publication).

As modified, we affirm the trial court's judgment and order of deferred adjudication.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

120361F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEFFREY FITZGERALD WHITAKER, Appellant

No. 05-12-00361-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-40870-V.
Opinion delivered by Justice Fillmore, Justices O'Neill and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment titled "Plea to the Offense" is modified to state "No Contest."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 10th day of June, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEFFREY FITZGERALD WHITAKER,
Appellant

No. 05-12-00399-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-40871-V.
Opinion delivered by Justice Fillmore,
Justices O'Neill and Francis participating.

Based on the Court's opinion of this date, the order of the trial court is **MODIFIED** as follows:

The section of the order titled "Plea to the Offense" is modified to state "No Contest."

As **MODIFIED**, the Order of Deferred Adjudication is **AFFIRMED**.

Judgment entered this 10th day of June, 2013.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE