**Affirmed as Modified; Opinion Filed August 26, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-00179-CR**

_____

**RAANEL JOHNITA STEEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F09-55870-V**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

Raneel Johnita Steel pleaded no contest to the charge of aggravated robbery. The trial court found that the evidence substantiated her guilt for the lesser included offense of robbery and placed her on two years' deferred adjudication community supervision. Appellant challenges the sufficiency of the evidence supporting her guilt and complains the trial court's judgment incorrectly reflects that she pleaded guilty. We modify the trial court's judgment to reflect appellant's plea of no contest and affirm the judgment as modified. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

## FACTUAL BACKGROUND

Appellant and a couple of her neighbors were in a dispute because of the number of foster dogs appellant kept at her home. Jose Mejia and at least one other neighbor regularly reported what they considered to be violations of the law at appellant's home, including loud barking by her dogs. Mejia claimed he had been told by government officials that appellant could not be sanctioned for the barking unless he was able to establish that it continued for more than fifteen minutes.

Mejia testified that on the day of the offense, appellant was keeping approximately thirty dogs. When Mejia heard the dogs barking, he went out to the street to record the volume and duration of the barks with a portable cassette recorder and a camera that could record video. Appellant's housemates saw Mejia filming the dogs, and they informed appellant about what was happening. According to Mejia, appellant walked out to the street where he was filming and struck him several times on the face, leg, and arm with a PVC pipe about the length of a baseball bat, until he let the camera go. He tried to pick up the camera from the ground, but appellant grabbed it and walked into her house with it. Mejia claimed he was never on appellant's property with the camera the evening of the offense.

Appellant, on the other hand, claimed Mejia had been on her property when she struck him. According to appellant, she hit Mejia because his presence on her property was agitating her dogs, causing them to harm one another. Appellant admitted she had struck Mejia, although she claimed she hit him with a wooden dowel she was going to use to hang curtains. She also admitted that she had tried to break Mejia's camera, stating, "I hit at it three times and I grabbed the camera and the recorder, I gave him a filthy look, and I went into the house and I called the police." She testified that she retained appellant's camera because she wanted "documentation

from his own camera that he had been on [her] property." Appellant refused to release the camera to police when they arrived.

Police found the camera's batteries on the street in front of appellant's house, along with a pair of glasses. Appellant claimed that after she had tried to damage the camera, she had left the batteries in the grass when she walked away with the camera and the audio recorder. Mejia testified that he did not see the camera again until the date of trial. No photographs or videos were offered into evidence to prove Mejia had been on appellant's property at the time appellant assaulted him. At the conclusion of the guilt-innocence testimony, the trial court found appellant guilty of the lesser included offense of robbery.

## ANALYSIS

### I. Legal Sufficiency of the Evidence

In her first point of error, appellant complains the evidence is legally insufficient to establish that she was not justified in defending her property. When reviewing the legal sufficiency of the evidence in the context of the fact finder's rejection of a defense, we ask whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt and also could have found against appellant on the defensive issue beyond a reasonable doubt. *Saxton v. State,* 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991); *Dotson v. State*, 146 S.W.2d 285, 291 (Tex. App.—Fort Worth 2004, pet. ref'd). We may not re-evaluate the weight and credibility of the record evidence, thereby substituting our own judgment for that of the fact finder. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *Smith v. State*, 355 S.W.3d 138, 144 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

Viewed in the light most favorable to the verdict, the evidence in appellant's case showed she assaulted Mejia and took his camera while he was standing on a public street, not on her

–3–

property. The trial court, as fact finder, was entitled to believe Mejia's version of events over appellant's, and we must defer to its judgment. We overrule appellant's first point of error.

## II. Error in the Trial Court's Judgment

In her second point of error, appellant complains the order deferring adjudication of her guilt and placing her on community supervision incorrectly reflects that she pleaded guilty to the charge against her. The State agrees that the order erroneously fails to reflect appellant's plea of no contest but asserts that the law does not appear to permit this Court to modify the trial court's order.

This Court has the power to modify whatever the trial court could have corrected by a judgment nunc pro tunc if the evidence necessary to correct the judgment appears in the record. *Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App. Dallas 1991, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S .W.2d 26, 2728 (Tex.Crim.App.1993). The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced and the judgment reflected in the record. *Blanton v. State,* 369 S.W.3d 894, 89798 (Tex. Crim. App. 2012). A trial court can also issue an order nunc pro tunc to correct an error in an order of deferred adjudication. *See Homan v. Hughes,* 708 S.W.2d 449, 454–55 (Tex. Crim. App. 1986) (orig. proceeding) (holding trial court could properly enter nunc pro tunc order to correct order deferring adjudication of guilt to reflect proper offense for which defendant's guilt was deferred); *see also Floyd v. State*, 914 S.W.2d 658, 663 (Tex. App.—Texarkana 1996, pet. ref'd) (modifying deferred adjudication order to reflect correct fine). Here, having erroneously stated in the order of deferred adjudication that appellant pleaded guilty, the trial court could have corrected its error with an order nunc pro tunc. *See Hughes,* 708 S.W.2d at 454.

We, therefore, have the power to modify the order deferring adjudication of guilt to reflect the plea actually entered by appellant. *See* TEX. R. APP. P. 43.2(b); *Hughes,* 708 S.W.2d at 454; *Asberry,* 813 S.W.2d at 529. We sustain appellant's second point of error and modify the trial court's deferred adjudication order to reflect that appellant pleaded no contest.

As modified, we affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120179F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RAANEL JOHNITA STEEL, Appellant

No. 05-12-00179-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-55870-V.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the order of the trial court deferring adjudication of appellant's guilt is **MODIFIED** to reflect that appellant entered a plea of no contest, rather than guilty

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of August, 2013.

/David Evans/

DAVID W. EVANS
JUSTICE