NUMBER 13-08-00334-CV



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN THE MATTER OF R.C., A JUVENILE

**On appeal from the 36th District Court
of San Patricio County, Texas, Sitting as Juvenile Court.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Wittig[1]
Memorandum Opinion by Justice Wittig**

This is an accelerated appeal of an Order of Adjudication and Dispositional Order of Commitment to the Texas Youth Commission. The order was rendered in a suit filed by the San Patricio County Attorney and tried on an Amended Petition Alleging Delinquent Conduct, specifically, sexual assault under section 22.011 of the Texas Penal Code, by R.C., a juvenile. *See* TEX. PENAL CODE ANN. § 20.11 (Vernon 2006). In his appeal,

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

appellant, R.C., raises three issues of purported trial court error: (1) denying enforcement of the agreement to defer prosecution; (2) denying his constitutional right to a speedy trial; and (3) permitting the State to amend its petition alleging delinquent conduct. We affirm.

## I. BACKGROUND[2]

Appellant and his fraternal twin brother were born on March 19, 1991. On August 24, 2007, the juveniles were arrested and placed into custody. Identical petitions were filed on August 31, 2007, alleging that each brother intentionally or knowingly caused the penetration of the sexual organ of S.G. (also 16), who was younger than 17 years of age, and not the spouse of the respondent, by respondent's sexual organ. On August 29, 2007, an Order of Detention was entered and hearing set for September 10, 2007. That hearing was conducted and another Order of Detention was signed and entered. After another hearing September 24, 2007, the two juveniles were ordered released on house arrest. A pre-trial hearing was set October 1, 2007, where the juveniles and their attorney appeared, announced ready for trial, and demanded a trial by jury. Per local practice, the case was transferred from the County Court at Law to the District Court of San Patricio County. The case was set for jury trial on October 22, 2007. However on October 2, 2007, the county attorney's office requested the appointment of a special prosecutor who was board certified, which request was granted. The special prosecutor requested a continuance because of a conflicting setting, and to obtain additional time to prepare. The unopposed motion was granted.

The case was reset to January 11, 2008. At the January trial setting, a tentative

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them except as necessary to advise the parries of the Court's decision and basic reasoning. *See* TEX. R. APP. P. 47.4.

settlement was reached between the special prosecutor and defense attorney deferring prosecution for a period of six months upon the juveniles agreeing to voluntary supervision by the San Patricio County probation officer and to abide by a list of specified conditions. No record was made of the agreement, and no written form of agreement was signed at that time. Later that day, an agreement was signed by appellant, his brother, their parent/guardian, and a probation officer. The agreement was not signed by the special prosecutor, defense counsel, or the judge. The form agreement, apparently prepared by a probation officer, provided for approval and signature of the judge, but not for the prosecutor. Two judges later refused to approve the agreement. The special prosecutor and defense counsel later professed ignorance of any requirement for the judge's signature or approval. A notice of setting for trial/dismissal/status was set for April 21, 2008. Defense counsel denied any knowledge that the agreement was not in force until April 2008. Defense counsel also asserted that the probation officer indicated that neither the prosecutor's nor the judge's signature was required.

On April 28, 2008, appellant filed a motion to enforce the agreement to defer prosecution and alternatively to dismiss for want of a speedy trial. Before that date, the case had already been set for a jury trial on May 19, 2008. At the trial setting, a jury was waived, and the case tried to the court.

## II. WAS THE AGREEMENT ENFORCEABLE?

Appellant argues that under the family code, the prosecutor, without court approval, may agree to defer prosecution. *See* TEX. FAM. CODE ANN. § 53.03(e), (g) (Vernon 2006). The family code does provide in pertinent part: "A prosecuting attorney may defer prosecution for any child." *Id.* at § 53.03(e). As appellant points out, this power is denied

3

if the offense is under certain provisions of the penal code, or is a third or subsequent offense under certain provisions of the Texas Alcoholic Beverage Code. *Id.* at § 53.03(g).

Appellant acknowledges that the trial court may defer prosecution at any time for an adjudication that is: (1) to be decided by a jury trial before the jury is sworn; (2) for an adjudication before the court, before the first witness is sworn; and (3) for an uncontested adjudication before the child pleads to the petition or agrees to a stipulation of evidence. *Id.* at § 53.03(i). Appellant appears to concede in his brief that in the procedural context of a "demand or insist that a jury trial is to be conducted in the case that the Court may reject an agreement of the application for deferred prosecution." (Emphasis in original.) The appellant had demanded a jury trial twice in this proceeding.

Both appellant and the State agree, without citing authority, that the correct standard of review is abuse of discretion. In analogous situations, the abuse of discretion standard has been used in juvenile proceedings. *See In re B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.–Fort Worth 2002, no pet.) (abuse of discretion review applies to motions to quash petitions in juvenile cases). An abuse of discretion standard is typically applied when a trial court has discretion either to grant or deny relief based on its factual determinations. *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998)). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). Even where a trial court gives an incorrect legal reason for its decision, the trial court's assignment of a wrong reason is not automatically reversible error. *Hawthorne v. Guenther*, 917 S.W.2d 924, 931 (Tex. App.–Beaumont 1996, writ denied); *Luxenberg v. Marshall*, 835 S.W.2d 136, 141-42

4

(Tex. App.–Dallas 1992, no writ). A trial court does not abuse its discretion if it reaches the right result, even where that result is based upon an incorrect legal reason; when a trial court gives an incorrect legal reason for its decision, we will nevertheless uphold that decision on any proper grounds supported by the record. *Luxenberg,* 835 S. W. 2d at 142. A judge's decision whether a settlement agreement should be enforced as an agreed judgment or must be the subject of a contract action requiring additional pleadings and proof is subject to the abuse of discretion standard of review. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 659, (Tex. 1996).

Appellant contends that the record supports his position that the deferred prosecution agreement, which was not executed by the prosecutor or approved by the judge, established his entitlement to enforcement of the agreement. We disagree. Family code section 51.17, entitled "Procedure and Evidence," provides: "(a) Except for the burden of proof to be borne by the state in adjudicating a child to be delinquent or in need of supervision under Section 54.03(f) or otherwise when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title." TEX. FAM. CODE ANN. § 51.17 (Vernon 2006). For a settlement agreement to satisfy the requirements of rule 11 it must be: (1) in writing; (2) signed; and (3) filed with the court or entered in open court prior to a party seeking enforcement. TEX. R. CIV. P. 11; *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.–Dallas, 2006, pet. denied) (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 461, (Tex. 1995)). This rule has existed since 1840 and has contained the filing requirement since 1877. *Padilla*, 907 S.W.2d at 461 (citing *Kennedy v. Hyde*, 682 S.W.2d 525, 526 (Tex. 1984) (tracing the history of Rule 11)).

The rationale for the rule is straightforward: Agreements of counsel,

5

respecting the disposition of causes, which are merely verbal, are very liable to be misconstrued or forgotten, and to beget misunderstandings and controversies; and hence there is great propriety in the rule which requires that all agreements of counsel respecting their causes shall be in writing, and if not, the court will not enforce them. They will then speak for themselves, and the court can judge of their import, and proceed to act upon them with safety. The rule is a salutary one, and ought to be adhered to whenever counsel disagree as to what has transpired between them.

*Id.* at 460-61 (citing *Birdwell v. Cox*, 18 Tex. 535, 537 (1857)).

In support of his arguments, appellant cites *Santobello v. New York*, 404 U.S. 257, 262 (1971). This opinion holds that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Id.* In *Santobello*, after negotiations, the assistant district attorney in charge of the case agreed to permit petitioner to plead guilty to a lesser-included offense, conviction of which would carry a maximum prison sentence of one year. *Id.* at 258. The prosecutor agreed to make no recommendation as to the sentence. *Id.* At the sentencing hearing, a second prosecutor, apparently unaware of the prior agreement, recommended the maximum sentence of one year, which the court then imposed.

Appellant also cites *Gibson v. State*, for the proposition that if for some reason the prosecutor does not carry out his side of the agreement, the defendant is entitled to have the agreement specifically performed or the plea withdrawn, whichever is more appropriate under the circumstances. *See Gibson v. State*, 803 S.W.2d 316, 318 (Tex. Crim. App. 1991) (citing *Santobello*, 404 U.S. at 263; *Ex parte Adkins*, 767 S.W.2d 809, 810 (Tex. Crim. App. 1989); *Shannon v. State*, 708 S.W.2d 850, 851 (Tex. Crim. App. 1986)). Under the circumstances of *Gibson*, where appellant had already served a substantial portion of

6

his sentence under the guilty plea, the only appropriate remedy is specific performance. *Id.*

Neither case is on point. Both cases were adult criminal proceedings and not juvenile proceedings. *Cf. Vasquez,* 739 S.W.2d at 42. Both cases involved a guilty plea made in open court, relying upon the representations of the prosecutor. Furthermore, as we discussed, to be enforceable in a civil context, the agreement must comport with rule 11. TEX. R. CIV. P. 11; *In the Interest of M.S.,* 115 S.W.3d 534, 543 (Tex. 2003). In the instant case, not even the special prosecutor's signature appears on the agreement. Appellant's agreement was not a "plea bargain." *See* TEX. CODE CRIM. PROC. art. 26.13. (Vernon 2006). Finally, appellant actually received a full trial, one of the two remedies suggested in *Gibson*. *Gibson*, 803 S. W. 2d at 318.

More recently, the supreme court has again emphasized the civil component of juvenile cases. *See In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (because juvenile proceedings are civil matters, the Court of Criminal Appeals has concluded that it lacks jurisdiction to issue extraordinary writs in such cases even in those initiated by a juvenile offender who has been transferred to the Texas Department of Criminal Justice because he is now an adult) (citing *Ex parte Valle*, 104 S.W.3d at 889); *see also Vasquez*, 739 S.W.2d at 42 (recognizing that delinquency proceedings are civil in nature).

Appellant does not contend that the trial court was without jurisdiction to reject the purported agreement to defer prosecution or enforce the same agreement. Indeed, section 53.03 of the family code authorizes trial court approval under the circumstances of this case. TEX. FAM. CODE ANN. § 53.03(i). While we agree with appellant that section 53.03(e) of the family code appears to grant the prosecutor discretion to defer prosecution of a

7

juvenile without court approval in certain circumstances, we need not address this dichotomy because the agreement or settlement was not enforceable in that it did not comport with rule 11. *See* TEX. FAM. CODE ANN. § 53.03(e); TEX. R. CIV. P. 11; *In re M.S.*, 115 S.W.3d at 543) ( "Rule 11 of our rules of civil procedure requires agreements between attorneys or parties concerning a pending suit to be in writing, signed and filed in the record of the cause to be enforceable."). We overrule appellant's first issue.

### III. SPEEDY TRIAL

In his second issue, appellant contends he was denied a speedy trial. He first raised this issue with the trial court by motion filed on April 28, 2008. At that point, the case had already been re-set for trial on May 19, 2008. The case was tried May 19 and May 20, 2008.

While our state constitutional speedy trial right is independent of the federal guarantee, the court of criminal appeals has held that the federal balancing test established in *Barker v. Wingo* is to be used in determining whether a defendant has been denied his state speedy trial right. *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Deeb v. State*, 815 S.W.2d 692, 704 (Tex. Crim. App. 1991); *Chapman v. Evans*, 744 S.W.2d 133, 135 (Tex. Crim. App. 1988); *Hull v. State*, 699 S.W.2d 220, 221-224 (Tex. Crim. App. 1985)). In *Barker*, the United States Supreme Court held that a balancing test must be used in determining whether an accused has been denied his federal constitutional speedy trial right. *Barker*, 407 U.S. at 530. The factors to be weighed include, but are not limited to, the length of the delay, the reason for the delay, the defendant's assertion of the right, and the prejudice to the defendant resulting from the delay. *Id.* at 531. The length of the delay is measured

8

from the time the defendant is arrested or formally accused. *United States v. Marion*, 404 U.S. 307, 313 (1971); *Hull,* 699 S.W.2d at 221. The length of the delay is to some extent a triggering mechanism, so that a speedy-trial claim will not be heard until passage of a period of time that is, prima facie, unreasonable under the existing circumstances. *Barker*, 407 U.S. at 531.[3] In *Barker*, over five years elapsed from the time of the appellant's arrest until the time of his trial. *Id.* at 517-18. Such a time delay triggers the application of the balancing test of *Barker.* *See Grayless v. State*, 567 S.W.2d 216, 222 (Tex. Crim. App. 1978) (applying *Barker* test to juvenile cases and finding two years and nine months not an unreasonable delay).

Appellant cites *Pierce v. State*, 921 S.W.2d 291, 294 (Tex. App.–Corpus Christi 1996, no pet.) (holding that six year delay between indictment and trial to be presumptively unreasonable and prejudicial triggering review of the remaining three *Barker* factors). The opinion notes that it is the State's burden to establish an excuse for the delay and that the State's negligence, however innocent, militates against the State. *Id.* Impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. *Id.* When proof of specific prejudice is absent, presumptive prejudice may, in proper combination with the other *Barker* factors, carry a defendant's Sixth Amendment claim. *Id.*

As we discussed *supra*, appellant was arrested August 24, 2007. The first trial setting of October 22, 2007, was continued by the State without objection from appellant. At the January 11, 2008 setting, both the prosecution and defense asked to remove the

---

[3] We note that a secondary source, LaFave & Israel, is the basis for the oft quoted premise that "courts generally hold that any delay of eight months or longer is presumptively unreasonable" and triggers a speedy trial analysis. *See* LaFave & Israel, Criminal Procedure § 18.2(b) (1984).

9

case from the trial docket in order to confer for settlement purposes. We discussed in issue one some of the problems that occurred with the tentative agreement reached between the special prosecutor and defense counsel. Appellant now claims:

> The procedural history and posture of the case as of March 13, 2008, was a mess of which Juvenile-Appellant and his defense attorney did not, nor could have, become aware of until the hearing of April 21, 2008. . . which formed the entire basis and need for the MOTION TO ENFORCE AGREEMENT TO DEFER PROSECUTION AND, ALTERNATELY, FOR DISMISSAL FOR DENIAL OF JUVENILE'S CONSTITUTIONAL RIGHT TO SPEEDY TRIAL, which was heard and denied May, 5, 2008.

Appellant would place the entire burden of advising defense counsel and his client that the trial court rejected the agreement to defer prosecution upon the probation office and the county attorney's office. The court's docket sheet for Jan 11, 2008, had no entries. The next entry is March 13, 2008, and indicated that both the District Judge and later the County Court at Law Judge refused to accept the recommendation. The case was then set for a status hearing. Appellant points to a letter from a juvenile probation officer dated February 4, 2008, to the county attorney indicating that on January 22, 2008, Judge Hatch declined to approve the recommendation for deferred prosecution. One could argue that there was a delay from January 22 to March 13, 2008. On the other hand, appellant apparently made no inquiry as to the status of the agreement. And in fact, contrary to appellant's assertions, on March 13, 2008, court records recited that the agreement was not approved and the case was set for a status hearing.

We assume, arguendo, that the nine month delay from arrest to trial, triggers the application of the *Barker* factors. We first note that appellant did not assert his right until April 28, 2008. At that point of time, the case was already set within three weeks for May 19, when it was in fact tried. While a defendant's assertion of his speedy trial right is

10

entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right, the failure to timely assert the right will make it difficult to prove that he was denied a speedy trial. *Barker*, 407 U.S. at 533. Accordingly, this factor does not support appellant's lack of speedy trial contention.

Moreover, the length of delay appears to be minimal. Appellant did not object to the trial resetting to January 11, 2008. At that hearing, appellant did not insist upon a trial but rather entered into abortive negotiations. The case was taken off the docket at the request of both the State and appellant. We also note that at the January setting, the defense announced ready, subject to receipt of the DNA evidence report. We would deduce then, that the DNA results may not have been reported at that time. While appellant claims to have not discovered the trial court's refusal to approve the agreement until sometime in April, a March docket sheet entry indicated the lack of approval by two judges. It would appear that there was some delay from January 22 to March 13, 2008; however, at that juncture the trial court ordered a status conference. This brief delay does not appear to us to be of constitutional dimension, even if we were to also include the time from March 13 to the actual trial of May 19, 2008.

The reasons for the delay appear to be based upon a joint misapprehension by both the State and appellant. Had appellant's counsel actually reviewed or signed the agreement to defer prosecution, he would have observed that the form called for approval by a judge. A follow-up inquiry by the prosecutor or defense counsel would have placed both on notice that the agreement was rejected. Indeed, appellant's defense counsel claims unawareness of the case status until April 19, 2008. It is also true that the State should have been made aware of the lack of a court approved agreement by the probation

11

department letter of February 4. *See Chapman*, 744 S. W. 2d at 137 (both the trial court and prosecution are under a positive duty to prevent unreasonable delay). While this factor somewhat favors appellant, his complacency and failure to follow up on the attempted agreement weakens the force of this factor.

Appellant seems to argue that prejudice is presumed in this case because there is "egregious persistence in failing to prosecute" and thus he need not offer any evidence of prejudice. We disagree. First, the record does not demonstrate a persistence in failing to prosecute, much less an egregious persistence. Ordinarily, a defendant invoking his right to a speedy trial must make some showing of prejudice resulting from the delay. *Chapman v. Evans*, 744 S.W.2d 133, 137 (Tex. Crim. App. 1988) (citing *Harris v. State*, 489 S.W.2d 303, 308 (Tex. Crim. App. 1973)). The right to a speedy trial is designed to protect three general interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Id.* (citing *Barker,* 407 U.S. at 531) Here, appellant was not incarcerated but was in home detention. There is no evidence of anxiety or concern of the accused, and there was no showing that the defense was in any manner impaired by the short delay. There was no claim or evidence that documents and witnesses were lost to the defendant, or that the memory of testifying witnesses were hampered by the delay. In fact, appellant was likely spared longer state detention time for his rape of a cognitively deficient young female, due to the unusual circumstances of this case. Considering the applicable standards, and the circumstances of this case, we find that appellant was not denied a speedy trial. We overrule this issue.

## IV. AMENDED PETITION

Appellant contends the trial court erred by allowing an amendment to the State's petition before appellant's plea. Appellant's brother was first called to trial and a plea of "not true" was entered. Defense counsel informed the court the brother's defense would be based on the affirmative defense under article 22.011(e) of the penal code. TEX. PENAL CODE ANN. § 22.011(e) (Vernon 2006). The affirmative defense would require the brother to show that the accused was not more than three years older than the alleged victim at the time of the alleged sexual assault. *Id.* If the defense applied, the petition's allegations would be presumed to allege consensual sex because it failed to allege the sexual act was "without the consent of S.G." (the alleged victim.) *Id.*

On appeal, the trial court's ruling under rule 63 (amendment of pleadings) will not be disturbed unless the complaining party clearly shows an abuse of discretion. TEX. R. CIV. P. 63; *Hardin v. Hardin*, 597 S.W.2d 347, 349-350 (Tex. 1980) (citing *Victory v. State*, 158 S.W.2d 760 (1942); *Dillingham v. Lynch*, 516 S.W.2d 694 (Tex. Civ. App.–Austin 1974, writ ref'd n.r.e.)). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Honeycutt*, 24 S.W.3d at 360.

Appellant cites *Carrillo v. State*, 480 S. W. 2d 613, 615 (Tex. 1972). In *Carillo*, the Texas Supreme Court held:

> We adhere to our ruling in *Santana* that the strict prohibition against amendment of pleadings applicable in criminal cases is not applicable in juvenile proceedings. Our reason for doing so is that the Texas Legislature has prescribed that juvenile proceedings are to be civil, not criminal, in nature. But, under the language of *Gault* set out below, the amendment must come at such time, and under such circumstances, as to be basically fair to the minor. Otherwise, there is a denial of due process.

13

In *Gault* the due process standards of adequate and timely notice were set out. That opinion states: "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.'

*Id.* (internal citations omitted).

Appellant argues that in *Carrillo*, amendments were made toward the end of the trial that added a different owner of the property and a separate offense. Council for the juvenile insisted he was surprised and prejudiced. The *Carrillo* court held that the amendment came at a time and under such circumstances as to have been made in bad faith and should have been prohibited as a matter of due process. *Id.* at 615-17.

Shortly after appellant's brother "let the cat out of the bag" and informed the court of the pleading deficiency, the State sought and received permission to amend its petition. Appellant's trial counsel vehemently objected. However, the trial judge informed defense counsel that he was entitled to ten days notice, that he could waive it, "let them amend it and we proceed or come back." Defense counsel responded: "No. We're ready. Your honor we just think jeopardy has attached as to R.C. also because it's the very same case." Patently, defense counsel did not express surprise and in fact stated the opposite. The trial judge offered the defense more time and it was refused.

The trial court has no discretion to refuse an amendment unless the opposing party presents evidence of surprise or prejudice or the amendment is prejudicial on its face because, for example, it asserts a new cause of action or defense. *Greenhalgh v. Serv. Lloyd's Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990); *Hardin*, 597 S.W.2d at 349-50. Merely because an amended pleading asserts a new cause of action does not make it prejudicial

14

to the opposing party as a matter of law. *Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.*, 938 S.W.2d 743, 749 (Tex. App.–Dallas 1996, writ denied). An amendment is prejudicial on its face if: (1) it asserts a new substantive matter that reshapes the nature of the trial itself; (2) the opposing party could not have anticipated the amendment in light of the prior development of the case; and (3) the opposing party's presentation of the case would be detrimentally affected. *Id*.; *see also Rusk v. Rusk*, 5 S.W.3d 299, 309 (Tex. App.–Houston [14th Dist.] 1999, pet. denied). Appellant does not argue any of these factors and the record does not support their application to this case. The burden of showing surprise or prejudice is on the party resisting the amendment. *Hardin*, 597 S.W.2d at 349. A mere allegation of surprise is not a sufficient showing. *La. & Ark. Ry. Co. v. Blakely*, 773 S.W.2d 595, 597 (Tex. App.–Texarkana 1989, writ denied).

We find no abuse of discretion here, where appellant did not even claim surprise, declined more time to respond, and in fact reiterated to the trial court he was ready to proceed with the trial. Appellant's third issue is overruled.

## V. CONCLUSION

The Order of Adjudication and Dispositional Order are affirmed.

DON WITTIG,
Justice

Delivered and filed the
4th day of February, 2010.

15