**David Wayne GIBSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 781–89.

Court of Criminal Appeals of Texas, En Banc.

Feb. 13, 1991.

 

Dick Randolph Crownover, Abilene, for appellant.

James Eidson, Dist. Atty., and Mark Westenhover, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

A jury found appellant, David Wayne Gibson, guilty of unlawful possession of less than 28 grams of amphetamine, a controlled substance, in 42nd District Court cause number 15,653–A. Punishment, enhanced by a prior felony conviction, was assessed by the jury at imprisonment for 20 years and a fine of $6,600. On appeal, appellant argued *inter alia* that the trial court erred in not dismissing the instant cause pursuant to a plea agreement reached in cause number 15,654–A. The Eleventh Court of Appeals disagreed, holding that the plea agreement in question is unenforceable. *Gibson v. State*, 769 S.W.2d 706 (Tex.App.—Eastland 1989). We granted appellant's petition for discretionary review, pursuant to Tex.R.App.Pro. 200(c)(3), in order to determine whether the plea agreement should have been enforced.[1] We will reverse the judgment of the court of appeals.

The facts are undisputed. In late 1987, the Taylor County grand jury indicted appellant for the instant offense (amphetamine possession, cause number 15,653–A) and for retaliation (cause number 15,654–A). Appellant subsequently entered into a written plea agreement with the prosecutor in which appellant agreed to plead guilty to the retaliation charge in exchange for, in the words of the agreement, "40 years TDC, no finding of use or exhibition of a deadly weapon; Dismiss 15,653–A." The agreement was submitted to the 42nd District Court on December 7, 1987. At a hearing on that date, the district court announced that it would "follow the plea bargain." It then assessed appellant's punishment as recommended by the prosecutor, but for some reason not in the record, the amphetamine-possession charge was not dismissed.

On February 22, 1988, appellant filed a motion in the same district court for enforcement of the plea agreement in cause number 15,654–A and dismissal of the amphetamine-possession charge (cause number 15,653–A). The motion was denied after a hearing on February 25, 1988. On February 25–26, 1988, appellant was tried and found guilty in the instant cause of unlawful possession of amphetamine. On appeal, appellant, citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), argued that he has a federal constitutional right to have the plea agreement enforced. The State argued in response (1) that the plea agreement is unenforceable because the indictment on which it is based is void and (2) that the indictment charging appellant with retaliation is void (even though appellant never objected to it) because it fails to specify the year in which the alleged offense occurred. The court of appeals accepted both of the State's arguments. 769 S.W.2d at 710. The parties now make the same arguments to this Court that they made below.

 We held recently that the retaliation indictment in question is not fundamentally defective or "void" simply because it fails to specify the year in which the alleged offense occurred. *Ex parte Gibson*, 800 S.W.2d 548 (Tex.Cr.App.1990). Because appellant did not timely object to the indictment, any error was waived. *Id.* Given our holding in *Ex parte Gibson*, we

---

**1.** We also granted review in order to determine the legality of appellant's arrest and the search of his motel room subsequent to his arrest.

Given our disposition of the plea agreement issue, however, we need not reach the other issues.

need not reach the question whether a plea agreement based on a void indictment is unenforceable. The questions remaining, then, are whether appellant has a legitimate claim for relief and, if so, whether the proper remedy is specific performance of the plea agreement or withdrawal of the plea.

■ When, as in this cause, a guilty plea rests to any significant degree on a promise of the prosecutor, so that it can be said that the promise is part of the inducement or consideration for the plea, the due process clause of the Fourteenth Amendment requires that such promise be fulfilled. *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984); *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971); *Ex parte Austin,* 746 S.W.2d 226, 227 (Tex.Cr.App.1988); see Westen, *A Constitutional Law of Remedies for Broken Plea Bargains,* 66 Calif.L.Rev. 471 n. 161 (1978). If for some reason the prosecutor does not carry out his side of the agreement, the defendant is entitled to have the agreement specifically performed or the plea withdrawn, whichever is more appropriate under the circumstances. *Santobello,* 404 U.S. at 263, 92 S.Ct. at 499; *Ex parte Adkins,* 767 S.W.2d 809, 810 (Tex.Cr. App.1989); *Shannon v. State,* 708 S.W.2d 850, 851 (Tex.Cr.App.1986). Under the circumstances of this case—appellant has already served a substantial portion of his sentence under the guilty plea—the only appropriate remedy is specific performance.

The judgment of the court of appeals is reversed and the cause remanded to the trial court for dismissal of the indictment.

MALONEY, J., not participating.