# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00067-CR
## NO. 03-04-00068-CR

**Jason Edward Cole, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NOS. 10,502 & 10,589, HONORABLE HAROLD ROBERT TOWSLEE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Jason Edward Cole entered a plea of guilty to the offenses of burglary of a habitation and aggravated robbery. *See* Tex. Pen. Code Ann. §§ 29.03(a)(2), 30.02(a)(1) (West 2003). The trial court sentenced him to twenty years' imprisonment for burglary plus thirty years' imprisonment for aggravated robbery. Cole brings two issues on appeal. First, he claims that the State failed to honor what he characterizes as a "plea bargain" not to seek a sentence of more than twenty years. Second, he contends that he received ineffective assistance of counsel. For the reasons stated below, we affirm the judgment of the district court.

## BACKGROUND

The following facts are not in dispute. In the late evening of January 18, 2003, or the early morning of January 19, 2003, Cole and his friend, Brenton Reid Slocum, broke into a house

and stole a variety of items, including several firearms. Later in the morning of July 19, they also robbed a convenience store at gunpoint. During the robbery, Cole pointed a gun at the store attendant's head and repeatedly screamed at her to open the safe, the register, and a lock box. After obtaining what money they could, the pair fled. Police officers responding to the convenience store robbery spotted Cole and Slocum while en route to the scene. When the pair saw the officers, they ran and the police pursued. After being cornered in a nearby wooded area, Cole and Slocum were apprehended and arrested. At that time, Cole was under the influence of Xanax and alcohol.

Cole was indicted for burglary of a habitation and aggravated robbery. *See id.* The State offered Cole a plea bargain of twenty years' total imprisonment for both charges, but Cole declined the offer. On August 6, 2003, Cole entered an open plea of guilty, and a punishment hearing was scheduled.

At that time, Slocum had also entered an open plea on similar charges and was already scheduled for a separate punishment hearing. Because the State wished to conduct a joint punishment hearing, it offered Cole and Slocum the following agreement: in exchange for their agreeing to the joint hearing, the State agreed it would not "actively" seek a sentence of more than twenty years' imprisonment.

The punishment hearing was held on October 22, 2003. Cole's trial attorney confirmed the existence of the agreement just before the hearing. However, in its opening statement, the State announced that it would "be asking for a very lengthy jail sentence for each of them." Cole's attorney urged the court to assess probation only. In closing arguments, the State said, "Judge, I don't know what's appropriate, 40 or 50 years, 20 years. It needs to be some time. They

need to be punished for these horrible, horrible offenses.  And I hope that you will consider a lengthy jail sentence for both of them."  Neither Cole's attorney nor Slocums's attorney objected.  Cole was then sentenced to thirty years' imprisonment for aggravated robbery plus twenty years' imprisonment for burglary of a habitation.

At that time, Cole's counsel asked to make a statement for the record.  He said he believed the assistant district attorney had asked for more than twenty years' imprisonment and that this was contrary to Cole's "plea agreement."  In response, the court said, "I don't recall her [the prosecutor] giving me any number.  I think she said she was going to leave it up to me.  Those numbers I came up with.  The punishment was entirely my own judgment."  This appeal followed.

## DISCUSSION

Cole presents two issues on appeal.  First, he argues that the State failed to honor its "plea bargain" not to seek a sentence greater than twenty years.  Second, he asserts that by failing to object or withdraw his client's plea of guilty, his trial counsel provided ineffective assistance.  We will address each issue in turn.

### *The agreement*

Under Texas law, a plea bargain is a contractual agreement consisting of three parts: a plea of guilty, the consideration for the plea of guilty, and approval of the agreement by the court.  *Ortiz v. State*, 885 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1994), *aff'd*, 993 S.W.2d 102 (Tex. Crim. App. 1996).  More specifically, a plea bargain is:

a *preconviction* bargain between the State and the accused *whereby the accused agrees to plead guilty or nolo contendere* in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full, maximum implementation of the conviction and sentencing authority he has . . . .

*Wayne v. State*, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988) (emphasis added) (quoting *Perkins v. Third Court of Appeals*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987)).

The court is always free to reject a plea bargain. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West 2004). However, the court must inquire as to the existence of any plea bargain agreement and, if an agreement exists, advise the defendant as to whether it will follow or reject the agreement. *Id.* If the court rejects the plea bargain agreement, the defendant is free to withdraw the plea. *Id.* If the court accepts the plea bargain, the Fourteenth Amendment's due process clause requires that the promise be fulfilled if it is part of the inducement or consideration for the guilty plea. *Mabry v. Johnson*, 467 U.S. 504, 509 (1984); *Gibson v. State*, 803 S.W.2d 316, 318 (Tex. Crim. App. 1991). If the prosecution fails to do so, the accused is entitled to specific performance or withdrawal of the plea, whichever is appropriate. *Santobello v. New York*, 404 U.S. 257, 263 (1971); *Gibson*, 803 S.W.2d at 318.

In this case, no plea bargain existed. First, Cole's plea of guilty was independent of any agreement with the State. In fact, Cole turned down the State's offer of twenty years' imprisonment and did not accept the subsequent offer from the State until after his plea of guilty was entered. Thus, the agreement only concerned the joint sentencing hearing—it was not a *preconviction* bargain pursuant to which Cole pled guilty in return for some concession from the

4

prosecutor. *See Wayne*, 756 S.W.2d at 728 (plea bargain is preconviction bargain between State and accused); *Ortiz*, 885 S.W.2d at 273 (plea of guilty and consideration for plea of guilty are both elements of plea bargain).

Cole, relying on *Santobello* and *Gibson*, argues that he is entitled to specific performance or withdrawal of his plea. *See Santobello*, 404 U.S. at 263; *Gibson*, 803 S.W.2d at 318. However, the holdings in those cases were premised on appellants having pleaded guilty in reliance on the promises of the prosecution. *See Santobello*, 404 U.S. at 262-63; *Gibson*, 803 S.W.2d at 318. Put simply, *Santobello* and *Gibson* involved plea bargains, whereas this case does not. Thus, we hold that Cole was not entitled to specific performance or a withdrawal of his plea..

In any event, even assuming that the State's mention of "40 or 50 years" in its closing statement violated the terms of its agreement with Cole, it was harmless to Cole. After the trial court announced Cole's sentence, Cole's counsel stated his belief that the State had violated its agreement. In response, the trial court explained that it had not been influenced by the State in determining the sentences imposed. In fact, the trial judge indicated that he did not realize the State had mentioned a specific sentence duration at all. The record is clear that Cole's sentence was not affected by the alleged breach. There was, accordingly, no violation of Cole's "substantial rights" and any potential error was harmless. *See* Tex. R. App. P. 44.2(b) (reversal for error appropriate only when substantial right is affected); *Simpson v. State*, 119 S.W.3d, 262, 266 (Tex. Crim. App. 2003) (substantial right is affected when error has substantial and injurious effect or influence in determining verdict). We overrule Cole's first issue.

*Ineffective assistance*

In his second issue, Cole contends that his trial counsel provided ineffective assistance. Specifically, he argues that counsel's failure to object to the State's closing arguments and failure to attempt to withdraw Cole's plea of guilty were deficient assistance that rendered Cole's plea "unknowing" and "involuntary." *See Santobello*, 404 U.S. at 263 (if prosecution fails to fulfill plea agreement, accused is entitled to specific performance or withdrawal of plea, whichever is appropriate); *Gibson*, 803 S.W.2d at 318 (same); *Rodriguez v. State*, 899 S.W.2d 658, 666 (Tex. Crim. App. 1998) ("An essential requisite to successfully attacking a guilty plea on ineffective assistance grounds is that appellant must show the alleged deficiencies caused his plea to be unknowing and involuntary."). We disagree.

To establish an ineffective assistance of counsel claim, Cole must demonstrate that counsel's performance was both deficient and so serious as to prejudice the defense and deprive Cole of a fair result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); *see also Hernandez v. State*, 726 S.W.2d 53, 55, 57 (Tex. Crim. App. 1986) (adopting *Strickland* standard to cases arising under Texas Constitution). Moreover, he must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Hernandez*, 726 S.W.2d at 55. In analyzing counsel's performance, our scrutiny "must be highly deferential." *Strickland*, 466 U.S. at 689.

In this case, counsel did not object to the State's mention of "40 or 50" years during its closing statements. He did, however, alert the trial court to his belief that the State had breached

its agreement. Though not couched in the language of a formal objection,[1] we cannot say that this performance was so deficient as to deprive Cole of a fair result. *See Strickland*, 466 U.S. at 687; *Mathis*, 67 S.W.3d at 927.

As we have already discussed, the trial court made clear that it had not been influenced by the State's closing statements, and there is nothing in this record to suggest that it was. There was no reasonable probability that counsel's lack of formal objection would have changed the outcome of the hearing. *See Strickland*, 466 U.S. at 694; *Hernandez*, 726 S.W.2d at 55.

Cole also contends that counsel's failure to attempt to withdraw Cole's guilty plea was evidence of ineffective assistance of counsel. However, his guilty plea was not contingent on the agreement with the State. Instead, it was freely entered into by Cole. Thus, any potential breach of the agreement by the State did not render Cole's plea unknowing and involuntary. *See Rodriguez*, 899 S.W.2d at 666.

Because there was no reasonable probability that counsel's tardy "objection" to the State's potential breach of their agreement would have changed the outcome of Cole's sentence, and because Cole's plea of guilty was not unknowing and involuntary, we hold that Cole has not established his claim of ineffective assistance of counsel. We overrule Cole's second issue.

---

[1] Counsel stated the following: "May I put something on the record? . . . When [the Assistant District Attorney] and I talked about doing this plea she told me at that time that she would not ask for more than 20 years and I believe that she did. So, just for the record, I make that statement."

## CONCLUSION

We find that the agreement between the State and Cole was not a plea agreement and that, in any event, any potential breach of that agreement was harmless. We also find that Cole failed to establish his claim of ineffective assistance of counsel. We affirm the convictions.

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:  December 16, 2004

Do Not Publish