

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00001-CR

_____

JARVIS ANTHONY REDD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 2006-F-00267

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Jarvis Anthony Redd, apparently surprised and displeased with the imposition of the maximum sentence of twenty years' imprisonment after entering an open plea of guilty to the trial court on two counts of possession of a controlled substance, brings this appeal.

On appeal, Redd asks us to reverse and direct entry of judgment in accordance with what he claims is a plea agreement, argues that his plea of guilty was not knowingly and voluntarily made (and that he had ineffective assistance of counsel in that respect), that the trial court abused its discretion by denying his motion for new trial, and that the sentence imposed constitutes constitutionally cruel and unusual punishment.

On May 4, 2006, Redd, who was traveling through Cass County as a passenger on a Greyhound bus, consented to be searched by officers, who found narcotics on his person and arrested him.

There were two abortive attempts for Redd to enter into a negotiated plea agreement. On February 20, 2007, the State, defense counsel, and Redd all signed a "Proposed Punishment Recommendation" wherein Redd would be assessed a prison term of ten years and be meted a $5,000.00 fine. The trial court did not sign it. The second attempt occurred on March 5, 2007, when a pretrial joint information sheet was filed, which indicated that the State was tendering an offer wherein Reed would receive a sentence of seven years' imprisonment. Failing to get the trial court to agree, on April 30, 2008, the date on which his guilty plea was taken, another "Proposed

2

Punishment Recommendation" was filed, which states that punishment was to be assessed by the court and that no agreement was involved.

If a plea bargain actually exists, the terms of the plea bargain must be honored; if they are not honored, the appellate court can provide for either (1) specific performance of the agreement, or (2) a return of the case to the trial court to allow a guilty plea to be withdrawn and begin again, whichever is more appropriate under the circumstances. *Gibson v. State*, 803 S.W.2d 316 (Tex. Crim. App. 1991). The question here is whether a plea agreement existed.

A plea agreement is a three-party contractual arrangement among the State, the defendant, and the trial court. Until all of the necessary parties agree to the terms of the contract, the agreement is not binding. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon Supp. 2008); *Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996). Once a plea agreement is reached between the State and the defendant, the trial court must approve the terms of the agreement. Thus, the contractual nature of a plea agreement does not become binding until the trial court accepts the proffered agreement.

Once a plea agreement is finalized and the trial court binds itself to the terms, both the defendant and the State are each entitled to the benefit of the agreement and each must uphold their end of the bargain. *State v. Moore*, 240 S.W.3d 248, 251–52 (Tex. Crim. App. 2007).

In this case, although there was apparently an agreement reached between the State and Redd appearing in the record, there is nothing to indicate that the trial court ever accepted the agreement.

3

Thus, it never became a binding agreement and neither Redd nor the State would be entitled to have its terms imposed. The contention of error is overruled.

Redd next contends that his April 30, 2008, plea of guilty, taken in open court, was not knowing and voluntary because (1) the two differing documents involved varied, and (2) he was fundamentally confused when the trial court separately informed him that he had waived his right to appeal, but again, that he had a right to appeal because of the open plea. He also places stock in a certification of right of appeal prepared by the trial court indicating that this was a "plea bargain case" and thus Redd had no right of appeal. The certification of right of appeal contained in the appellate record reflects that this was not a plea bargain case and that Redd had the right of appeal.

It is clear from the various and conflicting documents in the file that negotiations and shifting agreements took place. The ultimate question, however, is whether Redd's eventual plea of guilty before the trial court was knowing and voluntary.

We recognize that a guilty plea must be entered into voluntarily and freely. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2008). When considering the voluntariness of a guilty plea, we must examine the entire record. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). If the trial court properly admonished the defendant before a guilty plea was entered, there is a prima facie showing the plea was both knowing and voluntary. *Id.* Admonishments may be made orally or in writing, and substantial compliance in the making of the admonishments is sufficient unless the defendant can show that he was not aware of the consequences of the plea and

4

that he was misled or harmed by the admonishment of the court. TEX. CODE CRIM. PROC. ANN. art. 26.13(c), (d) (Vernon Supp. 2008).

The burden then shifts to the defendant to show he pled guilty without understanding the consequences of his plea and, consequently, suffered harm. *Pena v. State*, 132 S.W.3d 663, 666 (Tex. App.—Corpus Christi 2004, no pet.). Therefore, a defendant who attests during the initial plea hearing that his plea is voluntary bears a "heavy burden" to prove in a subsequent hearing that he entered the plea involuntarily. *Houston v. State*, 201 S.W.3d 212, 217–18 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Coronado v. State*, 25 S.W.3d 806, 809 (Tex. App.—Waco 2000, pet. ref'd). A guilty plea is not involuntary simply because the sentence exceeded what an accused expected, even if that expectation of a lighter sentence was raised by his attorney. *Hinkle v. State*, 934 S.W.2d 146, 149 (Tex. App.—San Antonio 1996, pet. ref'd).

At the plea hearing in this case, the trial court correctly admonished Redd, explained the correct range of punishment, and warned Redd that sentencing was solely within the court's discretion. Even after these admonishments, Redd, after stating that he understood these matters, pleaded guilty. There is nothing to support this argument besides rank speculation about Redd's possible confusion. Redd has not met the heavy burden required to prove that his plea was involuntary. The contention of error is overruled.

Redd next contends that the court abused its discretion by failing to grant his motion for new trial. The granting or denying of a motion for new trial is largely within the discretion of the trial

court.  *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  We do not substitute our judgment for that of the trial court, but rather decide whether, based on our review of the record, the trial court's decision was arbitrary or unreasonable.  *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

Redd argues that the court's failure to grant his motion was an abuse of discretion because the sentence imposed was excessively harsh, as it sentenced him to the maximum possible length of incarceration.  He also suggests the judge's further acknowledgment that Redd had been intercepted by law enforcement officers (after arrest in this case, but before sentencing) with a large amount of currency, followed by the trial court's conclusion that Redd was "the most brazen example of a drug dealer I have ever come across," shows the court's extreme response.  Redd argues that the judge overreacted by sentencing a person in his first conviction to the maximum twenty-year sentence on a drug possession charge.

Under these circumstances, considering all of the information elicited at the hearing,[1] it is not apparent that the court abused its discretion by sentencing Redd to the maximum sentence.  The court had information before it from which it could reasonably determine that although Redd had

---

[1]In addition to the fact that Redd had been found by law enforcement officers to be carrying $10,800.00 on his person despite the fact that he had not been regularly employed for over a year, evidence showed that law enforcement officers had found Redd in possession of some ninety-eight ecstasy pills (which Redd maintained were intended solely for his own personal use) and that he had been arrested in Kentucky carrying drugs.  (Redd tried to excuse the Kentucky incident because he said he was not selling the drugs, but was simply in the process of returning them to a drug dealer who had given them to Redd to sell for him.)

6

not been caught before, he was indeed a drug dealer. The trial court opined that, "You may be a first time offender, but you're not a first time committer."

The fact that many first-time defendants are not sentenced to the maximum level does not mean that it is somehow fundamentally unfair when one is. We will not second-guess the sentencing determination of the court. Had the Legislature intended to tie the hands of the court to the obligation to sentence a first offender to a lesser sentence, it would have done so.

Redd next argues that his counsel was constitutionally ineffective because he did not adequately inform Redd of the consequences of his plea. He argues that he was not aware that the seven-year offer was not on the table and that counsel was ineffective by not adequately explaining this fact to him. This, however, does not comport with the record of the hearing, at which it was clear that the entire possible term of incarceration was on the table and that no agreement was in place.

The standard of testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on this claim, an appellant must prove by a preponderance of the evidence (1) that his or her counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. *Id.* at 689. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

There is nothing in the record that reflects any misunderstanding by Redd, much less any misleading of Redd by his counsel. The argument is purely speculative and finds none of the necessary support in the record. The contention of error is overruled.

Redd next contends that the sentence imposed constitutes cruel and unusual punishment. To preserve such complaint for appellate review, Redd must have presented to the trial court a timely request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely manner); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual waived claim of error for appellate review).

We have reviewed the record. No specific reference to this constitutional claim was made at trial. In his motion for new trial, counsel argued that the punishment was excessively harsh to support his attempt to obtain a new trial. He contended that because Redd had never been convicted of a prior felony offense, the sentence imposed was excessively harsh, and therefore argued to the court that it should grant a new trial in the interest of justice.

The current argument, that the court's imposition of this sentence was constitutionally cruel and unusual punishment, was not presented to the court either directly or by implication. While this Court has held that a motion for new trial is an appropriate way to preserve this type of claim for

8

appellate review (*see Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)),  Redd's motion for new trial did not contain an allegation that the sentence was disproportionate to the offense or that it was cruel and unusual.  He has not preserved such an issue for our review on appeal.  *See* TEX. R. APP. P. 33.1.  The contention of error is overruled.

We affirm the judgment.


Bailey C. Moseley
Justice

Date Submitted:        October 15, 2008
Date Decided:          October 20, 2008

Do Not Publish

9