FILED IN
COURT OF CRIMINAL APPEALS

July 27, 2015

ABEL ACOSTA, CLERK

PD-1634-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/24/2015 6:06:10 PM
Accepted 7/27/2015 8:16:26 AM
ABEL ACOSTA
CLERK

## NO. PD-1634-14

# IN THE COURT OF CRIMINAL APPEALS
# STATE OF TEXAS

---

**AARON JACOB MOORE**
**Appellant,**

**VS.**

**THE STATE OF TEXAS**
**Appellee.**

---

**ON APPEAL FROM:**

**N0. 01-13-00663-CR**
**IN THE FIRST COURT OF APPEALS, HOUSTON, TEXAS**

**CAUSE N0. 12-DCR-059791**
**IN THE 400TH DISTRICT COURT, FORT BEND COUNTY, TEXAS**

---

*APPELLANT'S REPLY BRIEF ON THE MERITS*

---

**CARMEN ROE**
**CARMEN ROE LAW FIRM**
**440 Louisiana, Suite 900**
**Houston, Texas 77002**
**713.236.755**
**713.236.7756 Fax**
**TBN: 24048773**
**carmen@carmenroe.com**
**www.carmenroe.com**
**ATTORNEY FOR APPELLANT**
**[ON APPEAL ONLY]**

1

## IDENTIFICATION OF INTERESTED PARTIES

Pursuant to TEX.R.APP.P. 38.1(a), a complete list of the names and addresses of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

**Trial Counsel for the Defendant:**
Kirby Taylor
4810 Caroline Street
Houston, Texas 77004

Tommy Stickler, Jr.
235 Sealy Street
Alvin, TX 77511

**Counsel on Appeal for the Appellant:**
Carmen M. Roe
The Lyric Centre
440 Louisiana, Suite 900
Houston, Texas 77002

**Trial Counsel for the State:**
Alex Foley
Fort Bend County District Attorney's Office
301 Jackson Street
Richmond, Texas 77469

Alexandra Foley
301 Jackson Street
Richmond, TX 77469

**Counsel on Appeal for the State:**
Gail Kikawa McConnell
301 Jackson Street, Room 101
Richmond, Texas 77469

**Trial Judge:**
Honorable Jeffrey A. McMeans
Presiding Judge
County Court at Law No. 2
Fort Bend County, Texas 77469

Honorable Jeffrey McMeans
County Court at Law No. 2
Fort Bend County, Texas

# TABLE OF CONTENTS

Page

IDENTIFICATION OF INTERESTED PARTIES....................................................2

INDEX OF AUTHORITIES.................................................................................6

STATEMENT OF THE CASE...............................................................................9

STATEMENT REGARDING ORAL ARGUMENT ...........................................10

GRANTED QUESTION FOR REVIEW.............................................................10

> DOES THE COURT OF APPEAL'S CONSTRUCTION OF "THE STATE" IN
> SECTION 54.02(J)(4)(A), FAMILY CODE REQUIRE DISMISSAL OF A CASE
> WITH PREJUDICE WITHOUT CONSIDERATION OF THE FACTORS FOR
> OPPRESSIVE DELAY IN VIOLATION OF THE SEPARATION OF POWERS
> DOCTRINE?

I.      STATEMENT OF THE FACTS..............................................................10

II.     SUMMARY OF THE ARGUMENT…………………………………...13

III.    ARGUMENT AND AUTHORITIES…………………………………15

   A. Standard of Review…………………………………….......................15

B.  Whether the separation of powers clause protects a district attorney's
    duties…………………………………………………………………...15

C. Whether the legislative enactment is constitutionally authorized…………17

D. Whether the statutorily imposed duty to represent the state in criminal
   Cases requires, first, the existence of a criminal case……………………..17

E. In the alternative, whether Section 54.02(j)(4)(A) is a contractual
   arrangement and the separation of powers concerns clearly outweigh
   it's enforcement………………………………………………………20

1. Section 54.02(j)(4)(A) is contractual in nature……………………...….20

2. The separation of powers clause concerns do not clearly outweigh the interests underlying Section 54.02(j)(4)(A)'s enforcement…………21

    i. Those interests favoring enforcement…………………………….21

    ii. Those interest disfavoring enforcement……………………….22

PRAYER.................................................................................................23

CERTIFICATE OF SERVICE .................................................................24

CERTIFICATE OF COMPLIANCE .......................................................25

# INDEX OF AUTHORITIES

**CASES**                                                                                                                **PAGE**

*Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)…………………………..17

*Commr's v. Guardian Life Ins Co.,* 180 S.W.2d 906 (Tex. 1988)………….…….22

*Daimler Chrysler Corp v. Inman*, 252 S.W.3d 299 (Tex. 2008)…………………18

*Dendy v. Wilson*, 179 S.W.2d 269 (Tex. 1944)………………………………..19

*Ex parte Granviel*, 561 S.W.2d 503 (Tex. Crim. App. 1978)……………...…….15

*Gibson v. State*, 803 S.W.2d 316 (Tex. Crim. App. 1991)……………...……..21

*Holmes v. Morales*, 924 S.W.2d 920 (Tex. 1996)……………………………17

*In Matter of D.W.M.*, 562 S.W.2d 851 (Tex. 1978)………………………….…..20

*In re M.N.*, 262 S.W.3d 799 (Tex. 2008)…………………………………….…13

*In re N.J.A.*, 997 S.W.2d 554 (Tex. 1999)……………………………………..20

*Kent v. United States*, 381 U.S. 541 (1967)………………………….……..22

*Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993)………………………..17

*Meshell v. State*, 739 S.W.2d 246 (Tex. Crim. App. 1987)……………..…16,17

*Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014)……………...19,20,21,22

*Rushing v. State*, 85 S.W.3d 283 (Tex. Crim. App. 2002)………….…………..17

*State v. Salavea*, 86 P.3d 126 (Wash. 2004)……………………………..20

*Texas Ass'n of Bus. v. Tex. Air Control Bd.,*

    852 S.W.2d 440 (Tex. 1993)………………………………………18

*Toussie v. United States*, 397 U.S. 112 (1970)………………………….…23

*State v. Williams*, 938 S.W.2d 456 (Tex. Crim. App. 1997)………...16,19,20,21

**STATUTES**

TEX. FAM. CODE § 51.02………………………………………………11

TEX. FAM. CODE § 51.02(a)……………………………………………19

TEX. FAM. CODE § 51.04………………………………………………10

TEX. FAM. CODE § 51.0412(3)………………………………………11,12

TEX. FAM. CODE § 51.17…..…………………………………………19

TEX. FAM. CODE § 51.19(c)……………………………………………18

TEX. FAM. CODE § 53.01 (d)…………………………………………19

TEX. FAM. CODE § 54.02(j)……………………………………………20

TEX. FAM. CODE § 54.02(j)(4)(A)………………………………*Passim*

TEX. FAM. CODE § 54.02(j)(4)(B*)*……………………………………15

TEX. CODE. CRIM. PROC. 2.01…………………………………………18

TEX. CODE. CRIM. PROC. 12.01(7)……………………………………19

TEX. CODE. CRIM. PROC. 12.02………………………………………18

TEX. CONST. ART. V § 1.................................................................................16

TEX. CONST. ART. V § 31(a)............................................................................17

## STATEMENT OF THE CASE

This appeal concerns the constitutionality of Section 54.02(j)(4)(A) of the Juvenile Justice Code in the Texas Family Code, as construed by the First Court of Appeals in *Moore v. State*, 446 S.W.3d 47 (Tex. App.—Houston [1st Dist.] 2014, pet. granted).

Section 54.02(j)(4)(A) applies to proceedings in juvenile court that begin after an accused's 18th birthday, and affords to the juvenile court the limited jurisdiction to determine if the alleged delinquent conduct should be transferred to district court for criminal proceedings. Whether this jurisdictional inquiry is satisfied depends in part upon a prosecuting attorney demonstrating, by a preponderance of the evidence, that because of "a reason beyond the control of the state, it was not practicable to proceed in juvenile court before the person's 18th birthday." TEX. FAM. CODE ANN. § 54.02(j)(4)(A) (West 2014).

The State's Brief on the Merits[1] argues that the burden of persuasion under Section 54.02(j)(4)(A) is actually fact-specific: When "the state" refers to prosecutorial delays, then the burden of persuasion at the discretionary waiver hearing is with the petitioner. However, when "the state" refers to investigatory delays, then the case must be transferred to criminal district court, unless the

---

[1] ("SB" refers to the State's Brief on the Merits, followed by page number.)

9

respondent successfully demonstrates to the juvenile court an intentional oppressive delay.[2]

## STATEMENT REGARDING ORAL ARGUMENT

This Court has denied oral argument in this case.

## GRANTED QUESTION FOR REVIEW

DOES THE COURT OF APPEAL'S CONSTRUCTION OF "THE STATE" IN SECTION 54.02(J)(4)(A), FAMILY CODE REQUIRE DISMISSAL OF A CASE WITH PREJUDICE WITHOUT CONSIDERATION OF THE FACTORS FOR OPPRESSIVE DELAY IN VIOLATION OF THE SEPARATION OF POWERS DOCTRINE?

## I. STATEMENT OF FACTS[3]

Two months after Moore's <u>sixteenth</u> birthday,[4] on September 21, 2008, Detective Cox began her investigation into a potential civil action[5] alleged to have occurred in the month before.[6] Nearly two weeks after Moore's <u>eighteenth</u> birthday,[7] Detective Cox forwarded her investigatory report to the district

---

[2] Moore has been granted one time-extension, and timely submits this reply brief on the merits due on or before July 24, 2015.

[3] Moore challenges all factual assertions made by the State in both its petition for discretionary review and brief on the merits.

[4] Moore was born on July 11, 1992. [2 RR 22].

[5] Because of Moore's age, the alleged sexual assault fell within the exclusive original jurisdiction of the juvenile court. *See* TEX. FAM. CODE ANN. § 51.04 (West 2014).

[6] That is, on or about August 29, 2008. [1 RR 72].

[7] Or, July 22, 2010. [CR at 13-17, 83].

attorney's office. One month after Moore's <u>nineteenth</u> birthday,[8] the prosecuting attorney[9] filed a petition with the juvenile court, requesting it waive its original jurisdiction, and transfer the alleged delinquent conduct to district court for criminal proceedings. Six months later, on February 10, 2012, the juvenile court: held a discretionary waiver hearing, granted the prosecuting attorney's petition, and transferred Moore's juvenile case to district court for the commencement of criminal charges. [CR at 28-32] [CR at 13-7, 83].

In juvenile court, discretionary waiver hearings are statutorily defined, and in these circumstances, afford to a prosecuting attorney the choice to proceed under any one of the four alternatives made available by Sections 54.02(j)(4)(A) and (B). *See* TEX. FAM. CODE. ANN. § 54.02(j)(4) (West 2014). Here, the prosecuting attorney selected the burden under Section 54.02(j)(4)(A), which provides the following:

> (j) The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

---

[8] Or, August 17, 2011. [CR at 22].

[9] In juvenile court, the "'Prosecuting attorney' means the county attorney, district attorney, or other attorney who regularly serves in a prosecutory capacity in a juvenile court." TEX. FAM. CODE. ANN. § 51.02(11) (West 2014).

> (4) the juvenile court finds from a preponderance of the evidence that:
>
>> (A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person.

TEX. FAM CODE. ANN. § 54.02(j)(4)(A) (West 2014). Thus, the prosecuting attorney argued at Moore's discretionary waiver hearing, as well as on appeal, that its 13-month delay in filing its petition to transfer was excused under Section 54.02(j)(4)(A), because Detective Cox transferred her investigatory report to the district attorney's office 11 days after Moore's <u>eighteenth</u> birthday. This delay by Detective Cox, the prosecuting attorney urged, and juvenile court ultimately believed, was a sufficient reason "beyond the control of the state [that is, the prosecuting attorney]" to proceed in juvenile court before Moore's 18th birthday.

One month before Moore's <u>twenty-first</u> birthday, on June 11, 2013, Moore pled guilty pursuant to a plea agreement; the criminal district court deferred adjudication and placed Moore on five years community supervision. [CR at 92-115].

On appeal, Moore challenged the prosecuting attorney's construction of "the state" under Section 54.02(j)(4)(A), arguing that the juvenile court abused its discretion, because: (1) "the state", for purposes of Section 54.02(j)(4)(A),

12

included investigatory delays by law enforcement;[10] and, (2) Detective Cox's reasons for the delay fell within—as opposed to beyond—her control, and therefore could not satisfy Section 54.02(j)(4)(A)'s jurisdictional inquiry. The First Court of Appeals agreed, vacating the district court's judgment, and dismissing the case.

The State subsequently filed its Motion to Reconsider *En Banc*, arguing, as it does here, that unless the burden of persuasion under Section 54.02(j)(4)(A) flips to the respondent whenever "the state" refers to investigatory delays, and the Court also write-in the requirement that the respondent demonstrate intentional oppressive delay, then the jurisdictional inquiry in juvenile court unduly interferes with a district attorney's exclusive prosecutorial discretion "to prosecute criminal cases," and therefore violates the separation of powers provision of the Texas Constitution. After Moore's response, the First Court of Appeals denied the motion. This Court's grant of discretionary review concerning this matter of first impression now follows.

---

[10] *See* TEX. FAM. CODE. ANN. §§ 51.0412(3) (West 2014) (Showcasing the Legislature's ability to limit a statutory provision within the Juvenile Code to a prosecuting attorney's efforts.); *see In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008) ("We also presume the Legislature included each word in the statute for a purpose, and that words not included were purposefully omitted.").

## II. SUMMARY OF THE ARGUMENT

First,[11] Moore challenges the State's underlying assumption that a district attorney's[12] duties are entitled to the protection afforded by the separation of powers provision of the Texas Constitution. The Separation of Powers Clause protects those duties constitutionally conferred, whereas a district attorney's duty to prosecute criminal cases is imposed statutorily.

Second, Moore argues that the Legislature's enactment of Section 54.02(j)(4)(A) is expressly authorized under Article 5, Section 1 of the Texas Constitution.

Third, and in the alternative, Moore argues that a district attorney's duty to prosecute criminal cases, assuming protected by the separation of powers provision, requires—well, a criminal case. A case in juvenile court, however, is a civil matter, and only becomes a "criminal case" after a juvenile court properly transfers jurisdiction to the appropriate district court. Thus, Moore submits to this Court that any meaningful exercise of a district attorney's duty to prosecute criminal cases should coincide with a district court's jurisdiction over the matter,

---

[11] The State's Brief on the Merits divides its argument into five sections, labeled "A" through "E". Moore's Reply Brief responds primarily to section "D", because the persuasiveness underlying sections "A", "B", and "C" depend upon the presupposition that section "D" is sound.

[12] For the first time in this Court, the State attempts to include "county attorneys." *Compare* State's Brief on the Merits at 4 *with* State's Petition for Discretionary Review at 13.

14

which in this case is triggered after—as opposed to before—a juvenile court properly waives its jurisdiction at the discretionary waiver hearing.

Finally, fourth and also in the alternative, Moore argues Section 54.02(j)(4)(A) is a contractual arrangement, and its enforcement is not clearly outweighed by separation of power concerns. A district attorney receives a "benefit"—that is, the opportunity to criminally prosecute alleged acts committed by children that are otherwise outside its reach—and in exchange, agrees to submit to the juvenile court's jurisdiction, "leaving at the door" those conflicting prosecutorial discretions applicable in criminal district court.

Moreover, Section 54.02(j)(4)(A)'s particular burden of persuasion is non-obligatory at discretionary waiver hearings, applying only when a prosecuting attorney chooses it over the three alternatives made available under Section 54.02(j)(4)(B). Therefore, Section 54.02(j)(4)(A), similar to a plea bargain and the Interstate Agreement on Detainers Act (or, "IADA") compact, is contractual in nature, and its enforcement, as will be demonstrated herein, is not clearly outweighed by separation of power concerns.

## III. ARGUMENT AND AUTHORITIES

### A.     Standard of Review

A statute is presumed constitutional, and the burden rests with the challenger to demonstrate its unconstitutionality. *Rodriguez v. State*, 93 S.W.3d 60, 69

(Tex. Crim. App. 2002); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978).

**B.      Whether the Separation of Powers Clause Protects a District Attorney's Duties**

The State asserts, but does not demonstrate, its entitlement to the protection afforded by the separation of powers provision of the Texas Constitution.  (SB at 12, 16-7).[13]

In *Meshell v. State*, 739 S.W.2d 246 (Tex. Crim. App. 1987), this Court determined that the separation of powers provision protected the Freestone County Attorney's duties, because (1) the Legislature had not created a district attorney in Freestone County; and, (2) Article V, Section 21 of the Texas Constitution, assigned to a county attorney without a district attorney, "the constitutional duty 'to represent the State in all cases in the District and inferior courts.'" *Id*. at 253. Premised thereupon, this Court went on to find that the separation of powers provision, which protected the Freestone County Attorney's constitutionally assigned function also, as a necessary corollary, protected its prosecutorial discretion "in the preparation of those cases for trial." *Id* at 254.

---

[13] At the crux of this argument, the State contends that because a district attorney is constitutionally created, then it is constitutionally protected (by the Separation of Powers Clause). (SB at 12). Moore's position, on the other hand, is that the Separation of Powers Clause protects constitutionally conferred duties, as opposed to constitutionally created entities, and the State has failed to identify a relevant constitutional duty conferred *exclusively* to a district attorney.

16

Unlike the Freestone County Attorney, a district attorney is not assigned the exclusive constitutional function[14] to represent the State in all cases in the district and inferior courts.[15] Rather, Article 5, Section 21, of the Texas Constitution, expressly provides that the Legislature—and therefore, not the Texas Constitution—shall regulate the duties of a district attorney.[16]

## C.     Whether the Legislative Enactment is Constitutionally Authorized[17]

The Texas Constitution expressly authorizes the Legislature to "establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." TEX. CONST., ART. V, § 1. The Legislature, having

---

[14] *See* (SB at 12) (Suggesting that a district attorney's "primary" function to prosecute criminal cases is akin to an "exclusive" constitutional function protected by the separation of powers clause.).

[15] To clarify, the State does not advocate an exclusive constitutional function to seek the adjudication of a juvenile's delinquent conduct in juvenile court. Instead, its argument is premised upon an unidentified duty, protected by the Separation of Powers Clause, to criminally prosecute acts outside a district court's jurisdiction. (SB at 4, 7, 12, 14, 17, 19).

[16] *See State v. Williams*, 938 S.W.2d 456, 460 (Tex. Crim. App. 1997) (Framing the issue as whether the statutory provisions "unduly interfere with the exercise of *constitutionally* assigned powers.") (emphasis added); *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996) (Determining that "the district attorney's office is not included in the meaning of 'judiciary' because the Texas Constitution invests no judicial power in that office.").

[17] *Meshell v. State*, 739 S.W.2d 246, 254-55. ("[U]nder the separation of powers doctrine, the Legislature may not remove or abridge a district or county attorney's exclusive prosecutorial function, *unless authorized by an express constitutional provision*.") (emphasis added).

established the juvenile court system, is therefore constitutionally authorized[18] to use Section 54.02(j)(4)(A) as its means for both regulating the procedures prescribing a juvenile court's jurisdiction, as well as conforming the jurisdictions of the district courts and inferior courts thereto.[19]

**D.      Whether the Statutorily Imposed Duty to Represent the State in Criminal Cases Requires, First, the Existence of a Criminal Case**

*En arguendo* that the Separation of Powers Clause protects a district attorney's statutorily imposed duty[20] to prosecute criminal cases, a district attorney's discretion to exercise this protected duty should not extend into a juvenile court's discretionary waiver hearing, because an alleged act by a child is neither a criminal case, nor a "first-degree felony."[21] (SB at 5, 7, 19). That is,

---

[18] *See* TEX. CONST., ART. V, § 31(a).

[19] *See Marin v.* State, 851 S.W.2d 275, 277 (Tex. Crim. App. 1993) *overruled on other ground by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) ("And that which the Legislature may withhold altogether, it may withhold in part."); *Rushing v. State*, 85 S.W.3d 283, 286-87 (Tex. Crim. App. 2002) ("It is the Legislature, after all, that established the juvenile court system, and ultimately it is up to that body to determine what procedures guide the movement of case from that system to the adult criminal court system.").

[20] *See* TEX. CODE. CRIM. PROC. ANN. art. 2.01 (West 2014) ("Each district attorney shall represent the state in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely.").

[21] As a corollary, the limitations period appears to be two-years, *because* "it has no limitations period" under Chapter 12, Texas Code of Criminal Procedure. (SB at 5, 7). *See* TEX. FAM. CODE ANN. § 51.19 (c) (West Supp. 2014) (Stating that the Juvenile Justice Code adopts Chapter 12's limitations period, with the exception that: "The limitation period is two years for an offense or conduct that is not given a

unless and until a juvenile court properly waives its jurisdiction over the matter, thereby conferring jurisdiction onto the district court, any ruling on the matter by the district court is merely an advisory opinion.[22] Therefore, a district attorney's duty to prosecute criminal cases should not extend into a juvenile court's discretionary transfer proceeding, because the conduct at issue there relates to a civil matter,[23] not criminal, as evidenced by its classification as "delinquent conduct", rather than a "first-degree felony."[24]

---

specific limitation period under Chapter 12, Code of Criminal Procedure, or other statutory law."); *see* TEX.CODE CRIM. PROC. 12.01(7) (West Supp. 2014) (Providing residual three-years limitations period for all other felonies); *see* TEX.CODE CRIM. PROC. 12.02 (West Supp. 2014) (Providing residual two-year limitations period for all misdemeanors); *See* TEX.CODE CRIM. PROC. art. 12.01(1) (West Supp. 2014) (Listing offenses under Chapter 12 that are not given specific limitation periods); *see* TEX. FAM. CODE ANN. § 53.01(d) (requiring law enforcement to promptly forward to a prosecuting attorney alleged delinquent conduct of the grade of felony, regardless of a finding of probable cause, or lack thereof.). Thus, Moore's alleged delinquent conduct, an offense not given a specific limitations period under Chapter 12, appears to be subject to a two-year limitations period in juvenile court.

[22] *See Daimler Chrylser Corp v. Inman*, 252 S.W.3d 299, 307 (Tex. 2008) ("The denial of a claim on the merits is not an alternative to dismissal for want of subject matter jurisdiction merely because the ultimate result is the same, because the assertion of jurisdiction carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers.") (internal citation omitted); *see generally Texas Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) (Explaining that the separation of powers provision prohibits courts from rendering advisory opinions, which occurs when a court lacks jurisdiction over the matter.).

[23] The civil nature of discretionary waiver hearings may also be gleaned from the lower burden of proof (i.e., "by a preponderance of the evidence"). *See* TEX. FAM. CODE ANN. § 54.02(j) (West 2014)*; see also* TEX. FAM. CODE. ANN § 51.17.

[24] *See Moon v. State* 451 S.W.3d 28, 45 (Tex. Crim. App. 2014) ("The juvenile transfer proceeding remains civil in character, governed by the Juvenile Justice

Granted, "delinquent conduct" could be *reclassified* as a "felony offense," and in turn afford to a district attorney the meaningful opportunity to seek the commencement of criminal charges. But this "benefit" is conditioned upon a discretionary waiver hearing, that if satisfied, provides to a criminal district court—and by extension, a district attorney seeking criminal charges—jurisdiction otherwise unavailable.[25] Thus, a child's alleged "delinquent conduct" *could* be redefined as a "felony offense," but this does not entail that it *must* be redefined as a "felony offense."[26]

Therefore, any conceivable duty a district attorney may have in criminally prosecuting alleged acts committed by children should coincide with a district

---

Code; the proceedings do not become criminal unless and until the juvenile court waives its exclusive jurisdiction and transfers the child to a criminal court for prosecution as an adult."); *see* TEX. FAM. CODE. ANN. § 51.04(a) (West 2014) (defining "a child", for jurisdictional purposes, by the accused's age at the time of the alleged act.); *see Dendy v. Wilson*, 179 S.W.2d 269, 273 (Tex. 1944) (Explaining that a juvenile court "is not a criminal court… [but] is a special court created by statute, and the statute specifically provides what disposition may be made of a 'delinquent child.'").

[25] *C.f. State v. Williams*, 938 S.W.2d 456, 462 (Tex. Crim. App. 1997) ("Because the prosecutor has no extraterritorial power, he gains a benefit by using the provision of the IADA [or, the Interstate Agreement on Detainers Act]—access to a defendant whom he would otherwise have no power to reach. The Legislature was not obliged to give the prosecutor that benefit.").

[26] *C.f. In Matter of D.W.M* 562 S.W.2d 851 (Tex. 1978) (Standing for the proposition that juvenile waiver hearings require strict adherence, and "the failure to comply with 54.02(b) will deprive the juvenile court jurisdiction to consider discretionary transfer."); *see Grayless v. State*, 567 S.W.2d 216 (Tex. Crim. App. 1978) (same); *In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999) (same).

court's jurisdiction over the matter, which begins after—as opposed to before—a juvenile court properly conducts its discretionary waiver proceeding. [27]

**E.      In the Alternative, Whether Section 54.02(j)(4)(A) is a Contractual Arrangement and the Separation of Powers Concerns Clearly Outweigh its Enforcement**

*1.      Section 54.02(j)(4)(A) is Contractual-in-Nature*

Similar to a plea bargain and the IADA compact, Section 54.02(j)(4)(A)'s arrangement is also contractual in nature. The jurisdictional provision at issue here affords to a district attorney the "benefit" of criminally prosecuting acts otherwise outside a district court's jurisdiction; and in exchange for this opportunity, a prosecuting attorney agrees to "leave at the door" those prosecutorial discretions in criminal district court that may conflict with the juvenile court's jurisdiction and discretion at its waiver proceeding. [28] Furthermore, Section 54.02(j)(4)(A)'s particular application at discretionary transfer hearings is an exercise of prosecutorial discretion in itself, because the prosecuting attorney is neither

---

[27] *See Moon v. State*, 451 S.W.3d 28, 52 n.90 (Tex. Crim. App. 2014) (Explaining the jurisdictional "chicken-and-egg paradox" within the context of Rule 44.4 of the Texas Rules of Appellate Procedure.).

[28] *See State v. Williams*, 938 S.W.2d 456, 460 (Tex. Crim. App. 1997) *citing Gibson v. State*, 803 S.W.2d 316, 318 (Tex. Crim. App. 1991) (Analogizing the discretionary nature of plea bargains, which are enforceable under specific performance, to the IADA compact, for the proposition that a prosecutor can relinquish at least some of its prosecutorial discretions in contractual arrangements.).

required to petition a juvenile court to transfer the matter to district court, nor is it required to satisfy Section 54.02(j)(4)(A)'s particular burden of persuasion.[29]

## 2. *The Separation of Powers Clause Concerns do not Clearly Outweigh the interests underlying Section 54.02(j)(4)(A)'s Enforcement*

The Separation of Powers Clause does not expressly state that jurisdictional procedures in juvenile court are unenforceable,[30] and those interest favoring Section 54.02(j)(4)(A)'s enforcement are not outweighed—much less, clearly outweighed—by separation of powers concerns (if any) weighing in opposition.

### i. Those Interests Favoring Enforcement

"The transfer of a juvenile offender from juvenile court to criminal court for prosecution as an adult should be regarded as the exception, not the rule." *Moon v. State* 451 S.W.3d 28, 33 (Tex. Crim. App. 2014). Under the State's construction of Section 54.02(j)(4)(A), however, the Legislature's statutorily created discretionary waiver hearings will transform into *de facto* automatic transfer

---

[29] As an alternative to Section 54.02(j)(4)(A), a prosecuting attorney seeking to persuade a juvenile court to waive its exclusive, original jurisdiction at a discretionary waiver hearing can instead choose one of the three alternative statutory provisions made available by Section 54.02(j)(4)(B). *See* TEX. FAM. CODE ANN. § 54.02(j) (West 2014).

[30] *State v. Williams*, 938 S.W.2d 456, 461 (Tex. Crim. App. 1997) ("Obviously, the separation of powers clause does not expressly state that these types of provisions are unenforceable.").

proceedings, [31] whereby a prosecutor will be granted the "bonanza right" to criminally prosecute adults in district court for acts alleged to have been committed while in adolescence.[32] Adopting the State's construction, then, would seriously disrupt the bedrock of the juvenile court system—that "the State is *parens partriae*, rather than prosecuting attorney and judge." *Kent v. United States*, 381 U.S. 541, 555 (1967).[33]

### ii. Those Interests Disfavoring Enforcement

Prohibiting Section 54.02(j)(4)(A)'s enforcement would not advance those interests underlying the separation of powers provision, because a district attorney is without a constitutional function to criminally prosecute acts outside a district

---

[31] *C.f. State v. Salavea*, 86 P.3d 126, 128 (Wash. 2004) (Analyzing a <u>due-process</u> challenge within the context of Washington State's automatic—as opposed to discretionary—transfer proceeding.); *see also Board of Ins. Commr's v. Guardian Life Ins Co.*, 180 S.W.2d 906, 908 (Tex. 1988) (Standing for the proposition that a court should not write special exceptions into a statute so as to make it inapplicable under certain circumstances not mentioned therein.).

[32] Appellant's circumstances are exemplary of this point. A detective's "heavy workload"—or, some other readily available "non-oppressive" basis—will become a commonplace reason "beyond the control of the [prosecuting attorney] to proceed in juvenile court before the 18th birthday of the person." This excuse will even exist when the detective's delay exceeds the deadline—that is, the respondent's 18th birthday—by 11 days, and the prosecuting attorney then waits an additional 13-months before filing its petition to transfer the alleged civil act to district court for the commencement of criminal proceedings. *See Moore v. State*, 446 S.W.3d 47 (Tex. App.—Houston [1st Dist.] 2014, pet. granted).

[33] *See Moon v. State* 451 S.W.3d 28, 36 (Tex. Crim. App. 2014) (Acknowledging "the goals between criminal justice system and juvenile justice system to be fundamentally different, describing the former as more 'retributive' than its 'rehabilitative' juvenile counterpart.").

court's jurisdiction. Therefore, and similar to the IADA compact, "[t]he Legislature was not obliged to give the prosecutor that benefit", and it should not be unreasonable for the Legislature to place some restrictions on its discretion in these circumstances. *State v. Williams*, 938 S.W.2d 456, 462 (Tex. Crim. App. 1997).

Finally, enforcement of Section 54.02(j)(4)(A) neither relates to, nor encourages misconduct. Rather, and similar to a statute of limitations, the jurisdictional inquiry at issue here has "the salutary effect of encouraging law enforcement officials to promptly investigate suspected" delinquent conduct before a juvenile court is deprived of its jurisdiction.[34]

Accordingly, this Court should find that those interests favoring Section 54.02(j)(4)(A)'s enforcement are not outweighed—much less *clearly* outweighed—by those separation of powers' concerns (if any) weighing in opposition.

## **PRAYER**

Moore prays that the Honorable Court of Criminal Appeals sustain these appellate contentions raised herein, and affirm the First Court of Appeals construction of Section 54.02(j)(4)(A) of the Juvenile Justice Code in the Texas Family Code.

---

[34] *C.f. Toussie v. United States*, 397 U.S. 112, 114-115 (1970) (Explaining that a similar effect is also achieved through a statute of limitations.).

RESPECTFULLY SUBMITTED,

*/s/ Carmen Roe*

_____

**CARMEN ROE**
CARMEN ROE LAW FIRM
TBN:24048773
440 Louisiana, Suite 900
Houston, Texas 77002
713.236.7755Phone
713.236.7756Fax
carmen@carmenroe.com
www.carmenroe.com
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Brief was served the Fort Bend District Attorney, Appellate Division, 301 Jackson, Richmond, Texas 77469, on 24th day of July 2015.

*/s/ Carmen Roe*

_____

**CARMEN ROE**

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i), if applicable, because it contains 3,129 words, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1).

*/s/ Carmen Roe*

_____

**CARMEN ROE**