

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,817-02

## EX PARTE JASON M JONES, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2023CR8935W-W1
## IN THE 227TH DISTRICT COURT
## BEXAR COUNTY

*Per curiam.*

## **O P I N I O N**

Applicant was convicted of violation of a bond condition/protective order and sentenced to five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his conviction violates Due Process because the

case should have been dismissed as part of Applicant's plea bargain in 2021CR11200. Based on the record, the trial court has determined that the instant case should have been dismissed and that Applicant should not have been permitted to plea on this cause.

We agree. Relief is granted. *Gibson v. State*, 803 S.W.2d 316 (Tex. Crim. App. 1991). The judgment in cause number 2023CR8935W-W1 in the 227th District Court of Bexar County is set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County to have the trial court dismiss this cause number pursuant to this opinion. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: May 21, 2026
Do not publish